[LANCASTER, JUNE 3, 1829.]

CALDWELL *against* THOMPSON, Executor of THOMPSON.

### IN ERROR.

On an appeal from a justice of the peace, though the form of the suit may be sometimes changed, yet the cause of action must be the same as before the justice.

Where it is alleged, that the transcript returned to the Common Pleas, does not conform to the justice's docket, which is alleged to be erroneous, and an application is made for leave to amend the docket by the transcript, the court below are to determine, upon inspection of the docket, and all the papers and evidence before them, what are the true words of the record; and if they refuse the amendment, this court will not, for that reason, reverse the judgment.

ERROR to the Court of Common Pleas of *Lancaster* county.

The plaintiff in error was plaintiff below. The cause came into the Court of Common Pleas on an appeal by the defendant from the judgment of a justice; and the declaration was for *goods, chattels,* and *merchandise*, sold and delivered. The allegations of error, material to be stated, were, 1st. That when the plaintiff offered to prove, by *John Evans*, "That on the 8th of *June*, 1807, in pursuance of an order from *James Caldwell*, he delivered to *Robert Thompson*, the defendant's testator, three hundred bushels of wheat that was stored in his store-house, the property of *James Caldwell*, the plaintiff, and that the price of wheat was then, one dollar and four cents a bushel; and also, that the defendant admitted the plaintiff's account to be correct and right:" the court overruled the evidence which had been objected to, on the ground, that it presented a totally different cause of action from the one decided by the justice. A balance only of forty dollars and interest, were claimed to be due on the sale of the wheat.

2d. The plaintiff then offered, in connexion with the proposed testimony of *John Evans*, the docket of the justice, now in the hands of his administrator, to show, that the return of the justice upon the transcript, is not in conformity with the docket, and that stating the demand in the said transcript to be for a *chair*, is a mistake, as no such demand is stated in the docket. And, in connexion with that evidence, he also offered the affidavits of the plaintiff, and of *Boughman*, the administrator of the justice, to establish the mistake, and then applied for permission to amend the transcript of the justice by the docket. All these matters were rejected by the court, and bills of exceptions taken thereupon. Among other things, it was alleged by the counsel for the defendant, that the docket entry itself, had been altered. The original transcript was as follows:—

(Caldwell *v.* Thompson, Executor of Thompson.)

"*James Caldwell, Esq.* v. *Andrew Thompson*, Executor of *James Thompson*, deceased. } Summons, on demand not exceeding one hundred dollars; debt by book account for a *chair*, sixty-four dollars and fifty cents. The defendant appeared *July* 27th, 1816. The constable not having notified the plaintiff, continued to *July* 27th. At 2 o'clock the said day, the plaintiff appeared. On hearing, judgment for the plaintiff for sixty-four dollars and fifty cents, by default, the defendant not appearing, with costs of suit; *July* 27th, A. D. 1816; justice's fees sixty-two and a half cents, constable's seventy-five cents."

The justice added to the original transcript as follows:—"*Mistake;* defendant's testator's name is *Robert* instead of *James*, and is so stated on my docket."

*Champneys*, for the plaintiff in error, contended, that by the act of 1806, by the law, as it stood before, and all the numerous decisions in this court, the amendment was proper; that, to reject it was error; and that to reject the evidence of *Evans* was also error. If there was any ground to imagine the docket to have been fraudulently touched, that was a fact in the cause to be decided like other facts by the jury. He referred to *Whart. Dig. Amendment, Letter E. Zeigler* v. *Fowler*, 3 *Serg. & Rawle*, 238. *Clarke* v. *M'Anulty*, 3 *Serg. & Rawle*, 364. *Bechtol* v. *Cobaugh*, 10 *Serg. & Rawle*, 121. *Cochran* v. *Parker*, 6 *Serg. & Rawle*, 549.

*Parke* and *Porter*, contra, argued for the defendant in error, that in a case of most apparent erasure, it was correct to withhold from the jury a doubtful, if not fraudulent entry, contrary to the record and transcript in the cause. It was also right not to suffer a hopeless demand for a riding vehicle, called a chair, to be given up, and in lieu of it, an old charge for wheat, to be substituted against the estate of the testator. They cited *Moore* v. *Wait*, 1 *Binn.* 219. *Owen* v. *Shelmaher*, 3 *Binn.* 45. *M'Laughlin* v. *Parker*, 3 *Serg. & Rawle*, 144. *Laird* v. *M'Conachy*, 3 *Serg. & Rawle*, 290. *Stehley* v. *Harp*, 5 *Serg. & Rawle*, 544. *Cassell* v. *Cooke*, 8 *Serg. & Rawle*, 268, 287. *Farmers' and Mechanics' Bank* v. *Israel*, 6 *Serg. & Rawle*, 293. *Bailey* v. *Musgrave*, 2 *Serg. & Rawle*, 219. *Newlin* v. *Palmer*, 11 *Serg. & Rawle*, 98.

The opinion of the court was delivered by

Tod, J.—One rule to be deduced from the cases unquestionably is, that on appeal, though the form of the suit may be sometimes changed, yet the substance of the plaintiff's demand, the cause of action, must be in court identically the same as before the justice. From the decisions, another rule seems equally clear, that the mistakes, the slips of the pen of a justice of the peace, may be, and ought to be corrected. But here, all mistake was denied. It was insisted, there was nothing wrong, except in the docket offered; and, upon this head, divers matters were alleged on the one side and

(Caldwell *v.* Thompson, Executor of Thompson.)

on the other. The court were to decide what were the true words of the record. It was not a question for the jury. And the court below having settled it on inspection of the docket and all the papers, and affidavits, ought we to interfere, and upon disputed facts, rather than upon any question of law, to reverse the judgment? I think not. Much must be left to the discretion of the court in which such applications are made. Taking all the evidence as it appears on the record, and the testimony offered from *John Evans,* and considering that the plaintiff's claim for the wheat was of nine years' standing when he brought his suit before the justice, after the death of the defendant's testator, it is not a case in which, in my opinion, the law calls upon us to disturb any part of the decision of the court below.

Judgment affirmed.