2 W    14|
30 SC  209|

## Lyon *against* Chalker.

In an action of *assumpsit*, it is competent for the defendant to show that the plaintiff had once transferred the note upon which suit was brought to another person, who had sued it in his own name erroneously, and against whom a judgment was rendered in favour of the defendant.

The form of a suit before a justice of the peace may be changed on an appeal, provided the cause of action remain the same.

ERROR to *Susquehannah* county.

This was an action brought before a justice, in which Samuel Chalker for the use of Joseph Chalker, was plaintiff, and Daniel Lyon was defendant, on the following note.

"November 28, 1829. For value received I promise to pay Samuel Chalker or bearer 91 dollars and 88 cents in cabinet work to be delivered at my shop one year from date.

"DANIEL LYON."

The defendant plead *non assumpsit*, payment, set-off, tender and refusal, with leave to give the special matter in evidence; and also that the said Samuel Chalker, on the 1st day of May last past, sold, delivered and transferred the note or instrument in writing in the said declaration mentioned, to one Harry Wilber. That the said Wilber, on the 23d day of May in the same year, commenced a suit thereon before Chauncey Wright, esquire, a justice of the peace in said county of Susquehanna, against the said Daniel Lyon : that on the 31st day of said May last the said Daniel Lyon appeared and entered a defence before the said justice to the said note ; and upon the hearing of the said parties before the said justice, upon the said note, the said justice rendered a judgment for and in favour of the said Daniel Lyon : that the said Samuel Chalker and Joseph Chalker were present at the said trial before the said justice, &c.

The plaintiff replies to the defendant's plea of tender and refusal, that the said defendant did not tender the articles mentioned in the said note or instrument at the day and place therein specified; and in reply to the special plea of the said defendant, last above pleaded, the plaintiff says that Henry Wilber did not on the 23d day of May, A. D. 1831, nor on any other day, commence a suit against the said defendant upon the note or instrument mentioned in the plaintiff's declaration; and that no proceedings or trial were at any time had before Chauncey Wright, esquire, by which the plaintiff could be deprived of his suit against the said defendant, or to which the plaintiff was a party.

It being admitted that Harry Wilber was the owner of this note, under the guarantee of Joseph Chalker, the defendant offered in evi-

[Lyon v. Chalker.]

dence the record of a judgment before C. Wright, esquire, Harry Wilber v. Daniel Lyon, which the court rejected.

The defendant also offered the same evidence, in connexion with evidence that the said suit was brought upon the note now in question: that a trial was had *upon the merits* in the presence of the said H. Wilber and Joseph Chalker, and a judgment thereupon rendered in favour of the defendant. All and every part of which the court rejected.

The rejection of this evidence was the subject of the assignment of error.

*Conyngham*, for the plaintiff in error.
*Collins*, for the defendant in error.

PER CURIAM.—It was offered to be shown that the note on which suit is brought had been previously sued in the name of one who was the holder at the time, and a judgment rendered on it for the defendant. This judgment seems to have been considered in the court below to be *res inter alios acta*, because the action in which it was rendered had not been brought in the name of the payee, who alone could sue, the note being payable in cabinet work, and consequently not negotiable to give an action to the holder. This is an ungracious objection coming from the party beneficially interested here, who was present at the trial there, and would doubtless have had the benefit of it, had not the defendant maintained his defence on the merits. If the former judgment can be brought to bear against him, it is pretty certain no injustice will be done, particularly if the first suit, as is probable, was brought in the name of a third person to elude the conclusiveness of the judgment if it should be adverse. The error in bringing the suit in the name of such third person is imputable to the plaintiff here, or to the justice: if the former, he should not be suffered to take advantage of it; and if the latter, the case falls within the principle of Caldwell *v.* Thompson, 1 *Rawle* 370, in which it was determined that the form of the suit may be changed on an appeal from a justice of the peace, provided the cause of action remain the same, and that the mistakes or slips of a justice are to be disregarded or corrected. Here no more is required to be disregarded than the formal change of the name of the plaintiff; and the only question is, whether the name of the actual party before a justice of the peace can be shown by averment and evidence. In regard to the proceedings of a court of record, perhaps it could not, as regards the legal party who must be disclosed by the record; but it is essential that there should be a different rule for proceedings before justices of the peace, from whom no more can be required than substantial justice, without respect for technical forms; and as they are not judges of a court of record, the truth of the case in respect to their proceedings may be shown by parol,

[Lyon v. Chalker.]

without any great violence to the principles of the law.    It would seem, therefore, the evidence should have been received.

Judgment reversed, and a *venire de novo* awarded.