## Giffen *against* St. Clair Township.

Upon an appeal from the judgment of a justice of the peace to the Common Pleas, the names of the parties may be so transposed or changed as to adapt the legal form to the merits of the case.

ERROR to the Common Pleas of *Allegheny* county.

This suit originated before a justice of the peace, and was brought in the name of Andrew Giffen against William Kerr and H. Hulse, overseers of the poor of Upper St. Clair Township. From the judgment of the justice the defendants appealed to the Court of Common Pleas, where the plaintiff declared against the Township of Upper St. Clair, a body corporate. The defendants demurred to the declaration, and assigned for cause " that the declaration filed is against the Township of Upper St. Clair, a body corporate in said county, and not against William Kerr and H. Hughes, overseers of the poor of Upper St. Clair Township, the defendants in the said suit, which declaration does not apply to the above case, and that the variance is fatal, and therefore they pray judgment for want of a sufficient declaration." The plaintiff joined.

The court below rendered a judgment on the demurrer for the defendants.

*Gilmore* and *Burke*, for plaintiff in error.
*Woods*, for defendant in error.

PER CURIAM.—*Caldwell* v. *Thompson*, (1 *Rawle* 360); *Lyon* v. *Chalker*, (2 *Watts* 14); and *Graham* v. *Vandalore*, (*Ib.* 131); are cases which originated before a justice of the peace, and in which the names of parties were transposed or changed to adapt the merits to legal form. What more was there to do here? The defendant was sued, as a township, by the names and title of its overseers; and the counsel repaired the error of the justice in declaring against the township by its corporate name. It was the ordinary case of a misnomer corrected in the appellate court; and the rule of the decisions quoted, amply justifies it. The demurrer consequently ought to have been overruled.

Judgment reversed, and a *venire de novo* awarded.