*Twenty-first Judicial District.*

## In the Court of Common Pleas of Schuylkill County.

### GETZ ET AL. v. BRIGHT & CO.

1. The act of May 10th, 1871, permitting changes in the form of actions, upon the payment of all costs up to the time of amendment, by the party applying for the change, does not refer to appeals from justices of the peace, but only to actions originally instituted in the Court of Common Pleas.

2. The act of 1810 requires the Court to decide appeals from justices of the peace upon the facts and merits only, without regard to the *form* or *name* of the action.

Opinion delivered December 2d, 1872, by

WALKER, J. This case was removed into the Court of Common Pleas of this county upon an appeal from a judgment of a justice of the peace.

The narr. was in case ; but upon the trial in court on the 26th June, 1872, the court ordered the declaration to be amended and filed in debt.

After this change in the form of action was made, and on the same day, the defendants asked and were granted a rule to show cause why the plaintiffs should not pay all costs up to the time the plaintiffs changed the form of action from assumpsit to debt.

The law relied upon is the act of Assembly approved 10th May, 1871, (Pamphlet Laws, 1871, 265,) which are in these words :

"That in all actions pending, or hereafter to be brought in the several courts of this commonwealth, said courts shall have power in any stage of the proceedings, to permit an amendment or change in the form of ac-

tion, if the same shall be necessary for a proper decision of the cause upon its merits, the party applying to pay all costs up to the time of amendment, and the cause to be continued to the next court, if desired by the adverse party."

The question for us to determine is, does this act extend to actions *removed* into the Common Pleas by an appeal from a justice, or did the Legislature intend that its provisions should only apply to actions originally instituted in the Common Pleas?

The practice here has always been in appeals from justices of the peace, for the plaintiffs to declare in any form of action.

The defendant could not be surprised, for he knew of the claim before the justice and this is strictly in accordance with the law on that subject.

The 4th section of the act of the 20th March, 1810, (Purdon's Digest, 600, pl. 72,) provides:

"That upon an appeal from a justice the cause should be decided by the court upon its facts and merits only, and no deficiency of form or substance in the record or proceeding returned, or any mistake in the form or name of the action, shall prejudice either party in the court in which the appeal shall be made."

On an appeal from a justice of the peace, the "parties may voluntarily try in the Common Pleas an action of tort, under pleadings applicable only to contracts, for it is a waiver of all objections to the form of action." It dispenses with the application to amend. Stukel v. Weber, 8 Harris 432.

"It is a settled rule that proceedings on appeal from justices are *de novo* as to declarations, pleadings, and evidence, yet the cause of action must continue the same:" Owen v. Shelhamer, 3 Binney 45; Wright v. Guy, 10 S. & R. 229; Bechtol v. Coburgh, 10 S. & R. 121.

The *cause* of action cannot be changed, the *form* may: Caldwell v. Thompson, 1 Rawle 370; Esher v. Flogler, 17 S. & R. 131.

The plaintiff, therefore, in an appeal from a justice, prior to the act of 1871, could amend his declaration and change his form of action, if he did not change his cause of action, and if it was necessary to the merits of the case, without payment of costs; and as this act does not repeal the act of 1810, either expressly or by implication, the latter is still in force.

This being the case, did the Legislature intend to embrace within the purview of the act of 1871, any other actions than those originally instituted in the Court of Common Pleas?

Previous to that act, our statutes of amendments gave no power to the court to allow a change in the form of actions.

This often proved to be a hardship; for the plaintiff, for a slight mistake, had to suffer a nonsuit, pay all costs and commence *de novo*.

The hardship consisted not in payment of costs, but in commencing a new suit, which, however meritorious, might be barred by the statute of limitation, and would certainly lose its priority of trial.

This, we think, the act of 1871 was intended to remedy.

We are therefore of the opinion that the act does not apply to cases of appeal from justices of the peace, but only to those actions originally instituted in the Court of Common Pleas.

Rule discharged.

*W. D. Seltzer, Esq.*, for plaintiffs.    *George Chambers, Esq.*, for defendants.

---

*Twenty-third Judicial District.*