## Inquirer Printing Co. *v* Wehrly, Appellant.

157     415
30 SC 1210

*Judgment of justice of the peace—Opening—Laches.*

After a delay of fifteen years a judgment of a justice of the peace will not be set aside on the ground that the record shows that the justice continued the case without the appearance or consent of defendant, and that he finally entered judgment by default without hearing any evidence.

*Judgment of justice of the peace—Transcript—Execution—Scire facias—Acts of May 5, 1854, and June 25, 1885.*

The act of May 5, 1854, P. L. 581, which provides that no execution shall issue on a judgment of a justice of the peace after five years unless revived by scire facias is not repealed by the act of June 25, 1885, P. L. 160, relating to the filing of transcripts of such judgments in the common pleas, and the issuing of execution thereon: Smith *v.* Wehrly, above, page 407.

Argued May 15, 1893. Appeal, No. 60, July T., 1892, by defendant, George Wehrly, from order of C. P. Lancaster Co., Nov. T., 1891, No. 87, in favor of plaintiff, discharging rule to strike off judgment and stay execution. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and THOMPSON, JJ.

Rule to stay execution and strike off judgment. Testatum fieri facias to York county on judgment of justice of the peace. Before LIVINGSTON, P. J.

The court discharged the rule in the following opinion:

" The proceedings returned show that a summons in debt not exceeding $100 was, at the instance of the plaintiff, issued on August 10, 1876, by John M. Amweg, Esq., against defendant, requiring him to appear on August 16, 1876, between the hours of 9 and 9½ o'clock A. M., directed and delivered to constable. Summons returned August 10, 1876, served on the defendant by producing the original summons to and informing him of the contents thereof, so answers John H. Roy, constable, on oath. A continuance until August 23, 1876, at 9 o'clock A. M. And on August 23, 1876, plaintiff appears and claims $12.50—interest $1.00—due for 5000 circulars ; defendant not appearing, and on examination of the case judgment by default for plaintiffs for $13.50, with costs of suit.

" Execution was issued August 23, 1876, and returned Sept. 12, 1876, ' no goods found, so answers John H. Roy.'

" Thus the case stood until November 19, 1891, when the caption was amended so as to read ' Wickersham Printing Co.,' by virtue of a change of corporate name made by authority of law ; and on November 20, 1891, a transcript of the docket of Alderman John M. Amweg, Esq., upon which the case appears, (who is dead and whose docket has passed into the hands of J. K. Barr, Esq., an alderman of the same ward, by due course of law,) was given by said J. K. Barr, Esq., to plaintiff, who had it entered in this court as a judgment on November 21, 1891 ; and on the same day issued upon it a testatum fi. fa. directed to the sheriff of York county, Pa. ; and, by one of the reasons filed by defendant, we are informed that a scire facie was issued by the alderman on November 19, 1891, and judgment obtained thereon November 26, 1891.  On November 27, 1891, the above rule was granted.

The summons was issued by a proper officer, the amount was under $100 on an account, it was served on the defendant properly by a constable, and proper return made, so that the magistrate had full jurisdiction in the matter.

" The defendant does not allege, in any of the reasons he has filed, that he was not aware and did not know that judgment in the above case was entered against him at the time it was so granted, and at all times since ; and that an execution had been issued upon it, upon which the return of the constable was nulla bona.   He has lain idly by for fifteen years, until the alderman by whom the judgment was entered has died, and his docket passed into the hands of another, and until, if this judgment be declared invalid, the statute of limitations will be a bar to plaintiff's claim.

" Now, while the judgment may have been in some respects defective, fatally defective, and might have been set aside, if proper diligence had been used, and an appeal taken or writ of certiorari issued within the time prescribed by law, the defendant has, by his great laches, deprived us of the power of setting it aside or striking it from the record.   The rule must, therefore, be discharged and stay removed.   Rule discharged and stay removed."

1893.]        Assignment of Error—Opinion of the Court.

*Error assigned* was order as above.

*B. F. Davis*, for appellant, cited, on the invalidity of the judgment: McKinney v. Brown, 130 Pa. 365 ; Pantell v. Dickey, 123 Pa. 431 ; Fowler v. Eddy, 110 Pa. 117.

*J. W. Johnson*, for appellee, cited, on the question of laches: Boyer v. Kimber, 2 Miles, 393 ; Pantell v. Dickey, 123 Pa. 431 ; Lacock v. White, 19 Pa. 495 ; Stedman v. Bradford, 3 Phila. 258 ; Wasser v. Brown, 1 Kulp, 341 ; Smith & Bro. v. Snyder, 6 Lancaster L. R. 321.

OPINION BY MR. JUSTICE DEAN, October 2, 1893 :

For the reasons given by him, the learned judge of the court below very properly declined to disturb the original judgment between the parties. But the facts and law involved in this appeal are the same as in H. G. Smith & Co. against the same defendant, in which an opinion is this day filed. For the reasons therein given, the decree of the court below removing stay of execution in this case, on test. fi. fa., No. 16, January term, 1892, is reversed, and said execution is set aside, the costs on said execution and on this appeal to be paid by appellees.