# Justice *v.* Meeker, Appellant.

*Justice of the peace—Judgment—Transcript—Amendment.*

A transcript of a judgment of a justice of the peace filed in the common pleas may be amended so as to make it correctly show what proceedings were had before the justice.

*Justice of the peace—Summons—Judgment—Act of March* 20, 1810, *sec. 2,* 5 *Sm. L.* 161.

A judgment of a justice of the peace based upon a summons issued on May 17, returnable May 22, is valid. The five days provided by the statute are to be computed by excluding the first day, that of the date of the summons, and including the last day, that of the return of the summons.

*Judgment—Partnership—Names of partners.*

A judgment is not void because it was entered against a partnership without setting forth the names of the individual partners.

Where irregularities, not jurisdictional in character, in a judgment are allowed to stand for ten years unquestioned, it will be presumed that such irregularities have been waived.

Argued Dec. 5, 1905.    Appeal, No. 10, Oct. T., 1905, by defendant, from order of C. P. Lehigh Co., Nov. T., 1895, No. 117, permitting amendment and refusing to strike off a judgment in case of William Justice & Sons v. Daniel Meeker & Co. Before RICE, P. J., ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Rule to amend transcript.

Rule to strike off judgment. Before TREXLER, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court.

*Calvin E. Arner,* for appellant.—The court may strike off a judgment for irregularities appearing on its face : Davidson v. Miller, 204 Pa. 223.

This is so, even if the judgment is entered on a justice's transcript: Pantall v. Dickey, 123 Pa. 431 ; McKinney v. Brown, 130 Pa. 365 ; Althouse v. Hunsberger, 6 Pa. Superior Ct. 160.

It is fatal defect in a suit against a partnership to omit the

names of the individual partners: McConnell v. Apollo Savings Bank, 146 Pa. 79; Hoffman v. Faulk, 5 Pa. Dist. Rep. 774.

The judgment should be stricken off: Treasurer of Div. No. 168 v. Keller, 23 Pa. Superior Ct. 135.

In reckoning the days between the issuing of a summons and the return day, the day of issuance must be excluded: Ferris v. Zeidler, 5 Phila. 529; Bigham v. Redding, 19 Pa. C. C. Rep. 200; Brenner v. Dombach, 3 Lanc. Bar. No. 40; Goldman v. Teitlebaum, 10 Pa. Dist. Rep. 53; Killian v. Rishell, 14 Pa. Dist. Rep. 374.

*Reuben J. Butz*, with him *John G. Diefenderfer*, for appellee.—The court had power to amend the transcript so as to make it conform to the justice's record: Caldwell v. Thompson, 1 Rawle, 370; Miles v. Tanner, 3 P. &. W. 95; Gehman v. Christ, 15 W. N. C. 171; Kearney v. Pennock, 2 Pa. Dist. Rep. 32; Wertzler v. Herchelroth, 8 Pa. Dist. Rep. 423.

Appellant does not deny the indebtedness or that he was served, and has been guilty of gross laches: Inquirer Printing Co. v. Wehrly, 157 Pa. 415; Moore v. Baker, 2 Kulp, 326; Duffy v. O'Neill, 2 Kulp, 423; Watson v. Wehrley, 9 Lanc. L. Rev. 179; Strause v. Scheurman, 13 Pa. C. C. Rep. 332.

The transcript is sufficient to support the judgment entered thereon, whether the amendment be made or not: Seitz v. Buffum, 14 Pa. 69; Armstrong v. Robinson, 5 Gill & Johns. 412; McDonald v. Simcox, 98 Pa. 619; Link v. Repple, 7 Pa. C. C. Rep. 138; Boyd v. Thompson, 153 Pa. 78; Moore v. Moore, 153 Pa. 495; Franklin v. Morris, 154 Pa. 152; Evans v. Watts, 192 Pa. 112; Candee & Co.'s App., 191 Pa. 644; York Bank's App., 36 Pa. 458.

OPINION BY PORTER, J., March 12, 1906:

The plaintiffs brought an action against the defendant before a justice of the peace and judgment was entered in their favor on May 17, 1894; a transcript of this judgment was filed and judgment entered in the court of common pleas on November 19, 1895; on April 6, 1904, a scire facias was issued to revive the judgment in the common pleas; the defendant, on June 16, 1904, presented a petition and obtained a rule to show

cause why the judgment should not be stricken from the record, because of irregularities in the proceedings before the justice disclosed by the transcript; the plaintiffs and the justice of the peace, who was still in commission, presented a petition, on November 22, 1904, averring that the transcript on file was not a true and correct transcript of the said judgment as it appeared upon the docket of the justice, and annexing a transcript of the proceedings, certified by the justice of the peace, which was averred to be a true and correct transcript of the proceedings as they appeared upon the record on his docket, and praying that the record in the common pleas " be amended to conform with the transcript hereto annexed; " the court granted a rule to show cause why the transcript should not be amended, and, on January 2, 1905, made absolute the rule to amend the transcript and discharged the rule to strike off the judgment.

The order of the court permitting the amendment of the transcript was right; this was not an amendment of the proceedings before the justice, but the correction of mistakes in the transcript so as to make it correctly show what proceedings were had before the justice. When there are mistakes in a transcript they may be, and ought to be, corrected. The judgment is founded upon the record of the justice, and the transcript should be made to truly present that record; whether it does so is to be determined by the court below, upon inspection of the docket, and all the papers and evidence before them: Caldwell v. Thompson, 1 Rawle, 370; Miles v. Tanner, 3 Penrose & Watts, 95; Lyon v. Chalker, 2 Watts, 14. The first assignment of error is dismissed.

Assuming the proceedings before the justice to have been as set forth by the amended transcript, there was no error in the refusal of the court below to strike off the judgment. The defendant did not in his petition to strike off the judgment allege that he did not owe the debt, nor that the summons issued by the justice had not been served upon him, nor that he did not know, at the time the judgment was entered by the justice in 1894, that said judgment had been so entered. His complaint that the summons issued by the justice was made returnable within a shorter time than allowed by law is not well founded. The summons was issued on May 17

and returnable on the 22d of the same month.  The act of March 20, 1810, sec. 2 ; 5 Smith's Laws, 161, requires that the summons shall command him (the constable) " to cause the said defendant to appear before the said justice on a certain day therein to be expressed, not more than eight nor less than five days after the date of the summons."  In computing this time fractions of days are not to be regarded.  Had the statute required that the summons should be returnable " on a day certain, neither less nor more than five days after the date of the summons," there could be no question that a summons issued on May 17 must be returnable on the 22d of the same month.  If fractions of days were to be considered in computing this time, a part of both the fifth and eighth days after the date of the summons would be without the period allowed by the statute.  Each day is to be considered as a distinct unit. The time is to be computed by excluding the first day, that of the date of the summons, and including the last day, that of the return of the summons : Cromelien v. Brink, 29 Pa. 522 ; Lutz's Appeal, 124 Pa. 273 ; Marks's Executors v. Russell, 40 Pa. 372 ; Duffy v. Ogden, 64 Pa. 240 ; Davis v. Davis, 128 Pa. 100 ; Whitton v. Milligan, 153 Pa. 376.  The Act of June 20, 1883, P. L. 136 is declaratory of the law as it existed prior to its passage.

The contention of the appellant that the judgment was void because it was entered against a partnership without setting forth the names of the individual partners, cannot be sustained. While such an objection is good if made in time, the irregularity is cured by a judgment : Seitz & Co. v. Buffum & Co., 14 Pa. 69 ; McDonald v. Simcox, 98 Pa. 619 ; Moore v. Moore, 153 Pa. 495.

The other defects in the record of which the appellant complains are irregularities only, not jurisdictional in nature, and while they might have been sufficient to cause the judgment to be set aside, if proper diligence had been used and a writ of certiorari issued within the time prescribed by law, the defendant, having permitted the judgment to stand unquestioned for ten years, must be held to have waived the irregularities : Inquirer Printing Company v. Wehrly, 157 Pa. 415.

The judgment is affirmed.