## Johnson *v.* Frothingham, Appellant.

*Judgment—Opening judgment—Laches—Arbitration.*

Where, in an action of assumpsit, judgment has been entered for want of an affidavit of defense after an appeal from an award of arbitrators, and the defendant permits the judgment to remain unattacked for eleven years, during which time it has been twice revived with notice to himself, the court will refuse an application to open the judgment based upon the alleged invalidity of the rule of court permitting the judgment to be entered. Such a judgment is voidable and not void, inasmuch as the court has jurisdiction of the person and of the subject-matter, and it was the duty of the defendant to move within a reasonable time to strike it off, or open it.

Argued Feb. 21, 1906. Appeal, No. 47, Jan. T., 1906, by defendant, from order of C. P. Lackawanna Co., Jan. T., 1892, No. 50, discharging rule to open judgment in case of F. J. Johnson v. Arthur Frothingham. Before MITCHELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Rule to open judgment.

EDWARDS, P. J., filed the following opinion :

This suit was commenced by summons in November, 1891, It was ruled out for arbitration by plaintiff, and brought back

into court by appeal in January, 1893. Notice was subsequently served on defendant to file an affidavit of defense in accordance with our rule of court, and on October 6, 1894, judgment was entered for the want of an affidavit of defense. The judgment was revived in 1899, and was again revived in 1904. The defendant now moves to open the judgment thus entered.

Defendant claims that the plaintiff by the arbitration proceeding had waived his right to an affidavit of defense, and our attention is called to the case of Duncan v. Bell, 28 Pa. 516. Whether this case is modified by Horner v. Horner, 145 Pa. 258, or whether it is sustained by National Bank v. Stadelman, 153 Pa. 634, is of little consequence, because, in our opinion, our rule of court is sufficient authority for the entry of the judgment in question. The rule reads as follows: "When a case has been ruled out on arbitration by the plaintiff, and he would otherwise be entitled to an affidavit of defense, he shall not be entitled to judgment for want of the same under these rules, until after the case is brought back into the court by appeal or otherwise, in which case he shall be entitled to judgment, unless the defendant shall file such affidavit within fifteen days after demanded as provided in rule 8."

If it should be conceded for the sake of argument that judgment was erroneously entered for the want of an affidavit of defense, and that our rule of court is invalid, the most that can be said is that the judgment was voidable and not void, the court having jurisdiction of the person and of the subject-matter: Clarion, etc., R. R. Co. v. Hamilton, 127 Pa. 1. This being the case, it was the duty of the defendant to move within a reasonable time to strike off or to open the judgment. In the case at bar the defendant is chargeable with great laches. He offers no reasonable excuse for the delay. The record shows that the suit was brought fourteen years ago, and judgment entered eleven years ago. The original summons and each scire facias were served upon the defendant, and he, therefore, cannot plead want of notice. We see no way to relieve the defendant from the charge of laches. Plaintiff's counsel refers to numerous cases in his brief on this point. They are much alike in character. We shall cite only one case, and it shows the general trend of the decisions: Lytle v. Forrest, 175 Pa. 408, where the Supreme Court says in a per curiam: "Applications

to open judgments by default, and let the defendants into a defense, are appeals to the equitable power of the court, and should be made with reasonable promptness. In this case appellant's laches were inexcusable. His petition was not presented until after the death of the plaintiff, and the lapse of about eleven years after he knew that the judgment had been entered against him for want of an affidavit of defense. Having failed to give any satisfactory excuse for this long and unreasonable delay, he was in no position to invoke the aid of a court of equity."

In addition to the foregoing arguments or reasons, we do not find much merit in the defendant's contention on the facts of the case. His defense does not invite the interposition of a court of equity.

The rule to open judgment is discharged.

*Error assigned* was the order of the court.

*A. A. Vosburg*, with him *C. W. Dawson*, for appellant.

*M. J. Martin* and *T. P. Duffy*, for appellee, were not heard.

PER CURIAM, March 19, 1906:
Judgment affirmed on the opinion of the court below.