Opinion by
Beaver, J.,
On October 24, 1906, the defendant entered' an appeal in the court of common pleas No. 1 of Philadelphia county, from *97 a judgment by a magistrate in the suit of Richard P. McCloskey v. John O’Hanlan, rendered on October 12, 1906.
On November 21, following, a petition was presented by John McCloskey & Son, per Richard P. McCloskey, and Robert Gillespie, magistrate of court No. 16, reciting the fact “that on the 12th of October, 1906, the said John McCloskey & Son, agents and attorneys in fact as aforesaid (for a number of parties in the said petition named) before said Robert Gillespie, magistrate of court No. 16, in the city of Philadelphia, obtained judgment against the said John O’Hanlan, the defendant above mentioned, in a certain proceeding under the act of assembly of this commonwealth of December 14, 1863, for the recovery of possession of the property Nos. 2605-07-09 North Hope street, Philadelphia, for seventy-seven dollars damages and for costs of suit,” etc., reciting the appeal by the defendant and the entry of an alleged transcript from the docket of the said magistrate; setting forth also, “that the alleged transcript was not a true and correct copy of the proceedings before, the said magistrate, as appears on the record of the docket of the said magistrate, and that a true and correct transcript is hereto attached and marked exhibit 'A,' ” and concluding, “Your petitioners, therefore, pray that a rule be entered on the said defendant to show cause why the record in this case should not be amended by substituting the said exhibit 'A’ as the transcript of the proceedings before the said magistrate, as appears upon the record, on his docket, in the place and stead of the transcript heretofore.”
Upon the filing of this petition, a rule was granted on the defendant to show cause why the alleged transcript should not be amended to conform with the transcript thereto annexed and marked exhibit “A.”
To this rule, the defendant filed an answer, November 26, 1906, alleging: 1. That on December 13, 1905, Patrick P. McCloskey, before Robert Gillespie, magistrate of court No. 16, in the city of Philadelphia, obtained judgment against the said John O’Hanlan for possession of premises Nos. 2605, 2607,2609, Hope street; that, on December 15, 1905, defendant filed his affidavit in the said magistrate’s court, and appealed from the *98 said judgment, and filed his appeal in this court as of December Term, 1905, No. 1589, and that said appeal is still pending. 2. That on October 12, 1906, Richard P. McCloskey before the said magistrate obtained a judgment against the said John O’Hanlan in the sum of $77.00 and for possession of said premises; that, on October 15,1906, defendant filed his affidavit in the said magistrate’s court and appealed from the said judgment and, on October 24, 1906, the said defendant filed in this court, as of September Term, 1906, No. 3311, a true and correct transcript of the proceedings before the said magistrate and so certified by the said magistrate. 3. That defendant is advised and suggests to the court that the proposed amendment is not within the Act of assembly approved May 4, 1852, P. L. 574.
On November 30, 1906, the rule was made absolute.
On January 17, 1907, a statement was filed and a rule upon the defendant to file an answer.
On March 12, 1907, a rule was obtained on the defendant to file within ten days a more specific answer, or judgment sec. leg.
April 1, 1907, a supplemental answer was filed.
April 5, 1907, a rule was obtained upon the defendant for judgment for want of a sufficient specific answer, and April 29, 1907, “Rule absolute.”
It is somewhat significant that there is no allegation in the petition of any fraud on the part of the defendant in securing the transcript which he filed, nor that the same was not signed by the magistrate, nor is it alleged that it was not a true transcript of the record as it existed at the time it was certified. It is also significant that the rule granted was to show cause why the alleged transcript should not be amended to conform, not to the docket of the magistrate, but with the transcript annexed to the petition.
Neither in the order granting the so-called amendment or substitution of the one transcript for the other, nor in the' order making absolute the rule to show cause why judgment should not be entered for a more specific answer, was there any opinion filed. No depositions were taken, nor was there any order, so far as the record shows, upon the magistrate to produce his docket, nor does it appear that his docket ever was produced. *99 It seems to us very clear that the substitution of an alleged transcript for another transcript previously filed is not within any of the statutes relating to amendments. It is certainly not within the provisions of the second section of the act of May 4,-1852, under which the courts are authorized “ to permit amendments by changing or adding the name or names of any party plaintiff or defendant, whenever it shall appear to them that a mistake or omission has been made in the name or names of any such party,” nor does it come within the amendment of that Act of April 12, 1858, sec. 1, P. L. 243, nor yet within the provisions of the Act of May 10, 1871, P. L. 265.
There is nothing upon the record to show in any way how the court reached the conclusion that the so-called transcript attached to the petition of the petitioners was correct, and that the one filed by the defendant was incorrect.
The inherent power of the court to make verbal changes or correct errors in dates and other matters of that nature seems to have been recognized very early. In Caldwell v. Thompson, 1 Rawle, 370, it is stated that on an application to the court of common pleas, where it is alleged that the transcript returned does not conform to the justice’s docket, which is alleged to be erroneous, and an application is made for leave to amend the docket by the transcript, the court below is to determine upon inspection of the docket, and all the papers and evidence before them, what are the true words of the record, and this was recognized by us in Justice v. Meeker, 30 Pa. Superior Ct. 207, as authority for the converse of that proposition, namely, that “A transcript of a judgment of a justice of the peace, filed in the common pleas, may be amended so as to make it correctly show what proceedings were had before the justice,” in which Judge W. W. Porter, delivering the opinion, said: “The judgment is founded upon the record of the justice and the transcript should be made to truly present that record. Whether it does so is to be determined by the court below, upon inspection of the docket and all the papers and evidence before them,” citing Caldwell v. Thompson, 1 Rawle, 370, and Miles v. Tanner, 3 P. & W. 95.
In this case, the court seems to have substituted an alleged *100 transcript not filed for one which had actually been filed in the common .pleas, alleged in the petition which was presented to be erroneous. How was it to be determined whether the transcript on file or the one attached to the petition of the magistrate and the alleged plaintiffs in the suit, was correct? Evidently by a comparison with the record itself. So far as here appears, however, no such comparison was made and no testimony was taken as to what the record showed. If this were the only question in the case, perhaps we might assume that the court did whatever was necessary to be done, in order to determine this question, but inasmuch as another more important question is raised by the record, we dwell upon this in order to emphasize the importance in a case of this kind of having the record full and complete and of having it appear therein upon what the action of the court was based. If “Rule absolute” meant the substitution of one transcript not filed for another already filed, without an examination of the docket itself, we think this order should not have been made.
The second assignment of error relates to the entry of judgment against the defendant for want of a sufficient specific answer. After amendment or substitution of the. alleged transcript, as presented by the plaintiff, the cause proceeded as an action of ejectment. A statement was filed and a plea and answer thereto entered in due course. A rule for a more specific answer, or judgment sec. leg., was taken upon the defendant, and a supplemental answer filed. Upon hearing, this rule was made absolute. The rule was for an entry of judgment according to law. What law? We know of no act of assembly, allowing such a judgment to be entered, and are not referred to any law or rule of court by the appellee which gave the court authority to enter such a judgment, and, as no opinion was filed, the court below gives us no light upon the subject.
The Act of May 8, 1901, P. L. 142, provides, in its second section: “In all actions of ejectment, hereafter to be brought, the plaintiff shall file a declaration which shall consist of a concise statement of his cause of action, with an abstract of the title under which he claims the land in dispute, and, in addition to the plea of 'Not guilty’ now required by law, the defendant *101 shall file an answer in the nature of a special plea, in which he shall set forth his grounds of defense with an abstract of the title by which he claims; and no action of ejectment shall be considered at issue until the plaintiff’s statement and the defendant’s plea and answer shall be filed, nor shall any evidence be received on the trial of said action of any matter not appearing in the pleadings, subject to the power of amendment. The several courts of this commonwealth shall have power, by general rule or special order, to fix the time within which the defendant shall file his abstract of title.”
The appellant refers us to a rule of the court of common pleas of Philadelphia county, the correctness of which is not in any way questioned by the appellee, which is as follows: “In actions of ejectment each party may enter a rule on the other party to file an abstract of his title to the property in dispute and serve a copy thereof in fifteen days, and at the trial so much of the title shown by the said abstracts as is common to both parties shall be taken as admitted. The abstracts shall be verified by affidavit. On the failure of the plaintiff to comply with this rule, judgment of non pros, may be entered against him and, on the failure of the defendant to comply with the rule, he will not be permitted to offer any evidence.”
In this case, however, the penalty pointed out in the act of assembly and in the rule of court, as to the admission of evidence upon the trial, was not imposed, but judgment was summarily entered for the plaintiff and against the defendant. This seems to us to have been unauthorized and the action of the court must, therefore, be reversed.
Judgment reversed and a procedendo awarded.