## Sosnowiski v. Moskovitz.

*Justice of the peace—Judgment—Transcript of judgment—Service of process—Amendment—Husband and wife.*

Where a judgment of a justice of the peace against a husband and wife has been filed on a transcript in the common pleas, the judgment will not be stricken off as to the wife although the transcript will not support a judgment against her because of an apparent defective service, where depositions show a valid service by a constable and it appears that the justice's record showing a valid service had not been properly copied in the transcript.

Argued March 7, 1911.   Appeal, No. 31, March T., 1911, by defendant, from order of C. P. Lackawanna Co., Sept. T., 1906, No. 558, discharging rule to strike off judgment of justice of the peace in case of Mary and George Sosnowiski and Mary Sosnowiski v. Samuel Moskovitz. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Affirmed.

Rule to strike off judgment as to Mary Sosnowiski.
Rule on part of plaintiff to amend the record.

EDWARDS, P. J., filed the following opinion:
The judgment in this case was entered in 1906 on a transcript of proceedings had before a justice of the peace. The judgment was entered against Mary and George Sosnowiski.   The attorney for Mary Sosnowiski obtained a rule to show cause why the judgment entered against Mary Sosnowiski should not be stricken off as to her, for the reason that the transcript would not support a judgment against her.   This contention would prevail were it not that an application has been made on behalf of plaintiff to amend the record, so that the transcript shall correctly represent the proceedings as they were actually recorded by the justice on his docket.   The depositions taken show that it was a constable who wrote out the first transcript.   It is apparent that the constable's knowledge

of English is quite imperfect. The transcript was not a correct copy of the proceedings as they appear on the justice's docket. We have now before us a corrected record, and it is such as to support the judgment against Mary Sosnowiski.

The application to amend the record in the present case is not for the purpose of amending a proceeding before a justice. The common pleas would have no jurisdiction in such a case. The record of the proceedings before the justice is not changed in any particular.

The case of Justice v. Meeker, 30 Pa. Superior Ct. 207, is conclusive against the contention of the defendant. In that case Judge PORTER says:

"The order of the court permitting the amendment of the transcript was right; this was not an amendment of the proceedings before the justice, but the correction of mistakes in the transcript so as to make it correctly show what proceedings were had before the justice. When there are mistakes in a transcript they may be, and ought to be corrected. The judgment is founded upon the record of the justice, and the transcript should be made to truly present that record; whether it does so is to be determined by the court below, upon inspection of the docket, and all the papers and evidence before them: Caldwell v. Thompson, 1 Rawle, 370; Miles v. Tanner, 3 P. & W. 95; Lyon v. Chalker, 2 Watts, 14."

The rule to strike off the judgment is discharged and the rule to amend the record is made absolute.

*Error assigned* was the order of the court.

*P. F. Loughran,* for appellant, cited: Justice v. Meeker, 30 Pa. Superior Ct. 207; Brockway v. Tillotson, 6 Pa. C. C. Rep. 31; Riley v. Ins. Co., 12 Pa. Superior Ct. 561; Sener v. McCormick, 15 Pa. Superior Ct. 588.

*W. L. Houck,* of *Houck & Benjamin,* with him *Harry Needle,* for appellee, cited: Justice v. Meeker, 30 Pa. Su-

perior Ct. 207; Caldwell v. Thompson, 1 Rawle, 370; Eichenberg v. Leed, 19 Lanc. Law Rev. 389; Stedman v. Bradford, 3 Phila. 258; Sloan v. McKinstry, 18 Pa. 120; Moore v. Baker, 2 Kulp, 326; Inquirer Printing Co. v. Wehrly, 157 Pa. 415; Smith v. Snyder, 6 Lanc. Law Rev. 321; Brookfield v. Hill, 1 Phila. 439.

PER CURIAM, May 11, 1911:

This case is exactly like the case of Justice v. Meeker, 30 Pa. Superior Ct. 207, excepting in one particular. Upon the taking of depositions on the rule to show cause the summons was offered in evidence, and while the constable's return on the back shows a personal service, it fails to show that he handed a true and attested copy of the summons to the defendants. But it was also shown by the testimony of the constable, and this was uncontradicted, that he made a valid service and this appears also by the justice's docket. It is to be observed further that no attempt was made to set aside the judgment by certiorari. As the docket shows that the service sworn to by the constable was valid and the uncontradicted testimony shows that a valid service was in fact made, we are unable to agree with appellant's counsel that the permission to amend the record by filing a correct transcript worked to the prejudice of the appellee, or that the case is distinguishable upon any other substantial ground from the case cited. This is all that we deem it important to add to the clear and satisfactory opinion of President Judge EDWARDS.

The assignment of error is overruled and the order is affirmed.