Eastman Kodak Company, Appellant, *v.* Osenider.

Argued April 14, 1937.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Forest B. Irwin,* for appellant.

*A. B. Jobson,* of *Breene & Jobson,* for appellee.

OPINION BY RHODES, J., July 15, 1937:

On May 2, 1927, plaintiff, a nonresident corporation, caused a summons in assumpsit to issue against defendant, and at the same time its statement of claim was filed. The summons and statement of claim were duly served on defendant personally the following day. On May 16, 1927, counsel entered appearance for defendant and obtained a rule on plaintiff to file security for costs within thirty days. The rule provided that "in default of so doing, judgment of nonsuit" would be entered against the plaintiff and in favor of the defendant. Service of the rule was made on attorney for plaintiff on May 25, 1927. The following docket entry thereafter appears: "June 24th, 1927, Bond of Plaintiff for costs in the sum of $50.00 with Donald Glenn as surety, presented, approved and filed." On July 8, 1927, judgment was entered in favor of the plaintiff and against the defendant for want of an affidavit of defense. A writ of fieri facias was issued against the defendant, and on April 4, 1932, it was returned nulla bona by the sheriff. On April 27, 1936, counsel for defendant moved to strike off the written instrument filed as security for costs, and to strike off the judgment entered by default. The basis of this motion was that the written instrument filed by plaintiff as security for costs was void; that plaintiff failed to enter security for costs pursuant to the rule duly issued and served; that the judgment

entered by plaintiff against the defendant was in violation of the rules of court and of the law.

The court below granted the motion of defendant, and struck off the "so-called bond entered by the plaintiff as security for costs," and the judgment previously entered against defendant, and directed that a "judgment of non-pros" and a judgment for costs be entered against the plaintiff. Plaintiff has appealed from the action of the court below.

The questioned bond, filed on June 24, 1927, was signed by typewriter "Eastman Kodak Company," and then in handwriting by "Donald Glenn, Attorney," and underneath, "Donald Glenn (SEAL)." The bond was not signed by an officer of the plaintiff corporation, and no corporate seal was attached. The name Donald Glenn in each instance was in the handwriting of the party named. Glenn, a member of the Venango County Bar, was counsel for the plaintiff; court rule No. 79 provided that no attorney of the court of that county should be received as bail or surety in an action pending in any of the courts of that county, unless personally interested, without leave granted by the court for special cause shown. It does not appear that leave was granted to the attorney to act as surety on the bond in question, or that he was personally interested.

Defendant's attack on the bond in the present case was not made on the ground of insufficiency of the surety, but on the ground that the paper filed by the plaintiff was invalid and a nullity.

Plaintiff's position is that defendant is precluded by his laches from questioning the validity of the judgment against him.

We are of the opinion that the judgment entered by the plaintiff against defendant for want of an affidavit of defense was merely voidable and not void. *Clarion, M. & P. R. Co. v. Hamilton,* 127 Pa. 1, 17 A. 752; *Harper v. Biles,* 115 Pa. 594, 8 A. 446. In *Johnson v. Froth-*

*ingham,* 214 Pa. 523, at page 524, 63 A. 823, at page 824, it was stated in the opinion of the court below, upon which judgment was affirmed by the Supreme Court: "If it should be conceded for the sake of argument that judgment was erroneously entered for the want of an affidavit of defense, and that our rule of court is invalid, the most that can be said is that the judgment was voidable and not void, the court having jurisdiction of the person and of the subject-matter: *Clarion, etc., R. R. Co. v. Hamilton,* 127 Pa. 1 [17 A. 752]. This being the case, it was the duty of the defendant to move within a reasonable time to strike off or to open the judgment. In the case at bar the defendant is chargeable with great laches. He offers no reasonable excuse for the delay. The record shows that the suit was brought fourteen years ago, and judgment entered eleven years ago."

The entry of a bond for costs by a nonresident plaintiff is for the protection of the defendant. In the instant case, after plaintiff filed its alleged bond in compliance with defendant's rule, defendant could have objected to the bond as defective or invalid; or defendant could have moved for judgment on failure of plaintiff to file bond for costs as provided by rule of court. He did neither, after the issuance of his rule, until nine years had elapsed. Defendant evidenced no concern as to the compliance or noncompliance with his own rule for an unreasonable length of time. Under the circumstances, a defective bond filed by plaintiff would not render void the judgment entered for want of an affidavit of defense. We have held in a proceeding to strike off a judgment that where the defects complained of are irregularities only, not jurisdictional in nature, although they may have been sufficient to cause the judgment to be set aside, if proper diligence had been used, the defendant, having permitted a judgment to stand unquestioned for many (10) years, must be held to have waived the irregularities. *Justice v. Meeker,* 30

Pa. Superior Ct. 207, 210. The judgment debtor must act within a reasonable time in order to secure relief. *Harper v. Biles,* supra.

The filing of a bond by a plaintiff is a condition precedent to the issuance of a writ of replevin. *Huron Leather Co., Ltd., v. Sklar et al.,* 101 Pa. Superior Ct. 534; Section 1 of the Replevin Act of April 19, 1901, P. L. 88 (12 PS §1824). However, in *York Ice Machinery Corp. v. Robbins et al.,* 323 Pa. 369, at page 372, 185 A. 626, at page 627, the Supreme Court, in an opinion of Mr. Justice BARNES, held that when, in an action of replevin, "defendant chooses to file a counter-bond, and after a delay of eleven months seeks to quash the writ on the ground that the plaintiff's bond is defective, not only is his motion not timely made, but his repossession of the goods by the counter-bond effectively waives any defects in plaintiff's original bond."

The filing of the bond for costs in the instant case was not a jurisdictional requisite, and any irregularity in connection therewith could have been waived. The judgment was not founded upon the bond, which is the subject of attack, but upon the provisions of the Practice Act, 1915 (12 PS §735). Here we have a motion and rule to strike off the judgment which the plaintiff entered against the defendant for want of an affidavit of defense. This is a common-law proceeding. Laches, although an equitable defense, is entertained at law in our state where equity is administered through common-law forms. 21 Corpus Juris §212; *Pottsville Bank v. Minersville Water Co.,* 211 Pa. 566, 576, 61 A. 119. Defendant was not required to allege a defense upon the merits, but he should have offered some explanation of his failure to act in a more timely manner. The judgment here was simply voidable and not void; but for any irregularity or insufficiency appearing on the record, the defendant, if guilty of no laches, was entitled, on notice, to have it stricken off. See *Johnson v. Royal*

*Insurance Company of Liverpool,* 218 Pa. 423, 67 A. 749; *Harper v. Biles,* supra. In *Justice v. Meeker,* supra, 30 Pa. Superior Ct. 207, 209, this court said: "The defendant did not in his petition to strike off the judgment allege that he did not owe the debt, nor that the summons issued by the justice had not been served upon him, nor that he did not know, at the time the judgment was entered by the justice in 1894, that said judgment had been so entered."

We may concede that laches is not to be imputed to a party from the mere lapse of time alone; the question is one involving equitable principles, and is determinable from the particular facts. *Scranton v. Manley,* 13 Pa. Superior Ct. 439, 444. Under the circumstances of the case at bar, the following excerpts from the opinion of the court below, in *Inquirer Printing Co. v. Wehrly,* 157 Pa. 415, at page 416, 27 A. 703, approved by the Supreme Court on appeal, are applicable: "The defendant does not allege, in any of the reasons he has filed, that he was not aware and did not know that the judgment in the above case was entered against him at the time it was so granted, and at all times since; and that an execution had been issued upon it, upon which the return of the constable was nulla bona. He has lain idly by for fifteen years, until the alderman by whom the judgment was entered has died, and his docket passed into the hands of another, and until, if this judgment be declared invalid, the statute of limitations will be a bar to plaintiff's claim.

"Now, while the judgment may have been in some respects defective, fatally defective, and might have been set aside, if proper diligence had been used, and an appeal taken or writ of certiorari issued within the time prescribed by law, the defendant has, by his great laches, deprived us of the power of setting it aside or striking it from the record. The rule must, therefore, be discharged. . . . . . ."

Defendant's laches precludes raising at this late day waivable irregularities and the striking off of the judgment, the entry of which might have been properly questioned had it been done in time.

The judgment and the order of the court below are reversed, and the judgment entered against the defendant by the plaintiff for want of an affidavit of defense is reinstated.