| 218   | 423 |
| p218  | 429 |
| 218   | 423 |
| f 35 SC ³ 50 | |

# Johnson, Appellant, *v.* Royal Insurance Company of Liverpool.

*Judgment—Setting aside judgment—Record—Opening judgment.*

A judgment can be set aside or struck off only on the ground of irregularity or invalidity appearing on the face of the record. The court may for sufficient cause under its equitable powers open a judgment, and let the defendant into a defense. The two proceedings are entirely different.

No court has power to strike off a judgment regular on its face; and no facts dehors the record will justify a court in setting aside, or striking off a judgment.

*Judgment—Striking off judgment—Judgment for want of a plea—Acts of May 25, 1887, P. L. 271, and April 22, 1889, P. L. 41.*

Where a rule of court adopted under the authority of the Act of April 22, 1889, P. L. 41, provides that a judgment may be entered in an action of assumpsit against a defendant who has failed to plead within fifteen days after the return day, a judgment entered for such default cannot be struck off. The rule of court in no way conflicts with the procedure Act of May 25, 1887, P. L. 271, which merely provides a system of practice regulating the filing of affidavits of defense, except that it abolishes special pleading.

It is error to contend that the defendant has no right to file a plea until the plaintiff has had an opportunity to signify his election as to the affidavit of defense, and that until that time the plaintiff has no right to take judgment in default of the plea.

Argued May 13, 1907.   Appeal, No. 139, Jan. T., 1907, by plaintiffs, from order of C. P. Fayette Co., Dec. T., 1906, No. 325, making absolute rule to strike off judgment in case of Daniel J. Johnson and Charles H. Gorley v. Royal Insurance Company of Liverpool.   Before FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ.   Reversed.

Rule to strike off judgment.

The facts appear by the opinion of the Supreme Court.

*W. J. Sturgis*, with him *J. C. Work*, for appellants.—No court has power to strike off a judgment regular on its face: O'Hara v. Baum, 82 Pa. 416 ; Breden v. Gilliland, 67 Pa. 34; North v. Yorke, 174 Pa. 349 ; Muir v. Ins. Co., 203 Pa. 338.

A judgment entered by default for want of a plea, in an action of covenant, is a final judgment: Friese v. Insurance Co., 107 Pa. 134.

*W. K. Jennings*, with him *D. C. Jennings* and *Jones & Henderson*, for appellee.—The rule of court is in conflict with the procedure act of May 25, 1887: Marlin v. Waters, 127 Pa. 177.

The Supreme Court has held in several cases that the statement may be filed before the return day, and that fifteen days after notice judgment may be taken for want of an affidavit of defense if the return day has intervened: Marlin v. Waters, 127 Pa. 177.

We contend that no action of the defendant, and no rule of court, can deprive the plaintiff of his statutory right, first, to secure an affidavit of defense; second, to determine in his own mind as to its sufficiency; third, to either take a rule for judgment for want of a sufficient affidavit of defense, or to rule the defendant to plead: Bordentown Banking Co. v. Restein, 214 Pa. 30; O'Neal v. Rupp, 22 Pa. 395; Duncan v. Bell, 28 Pa. 516.

Opinion by Mr. Justice Mestrezat, May 27, 1907:

This is an action of assumpsit, brought in the court of common pleas of Fayette county. The writ was issued on November 13, 1906, and was made returnable on the first Monday of the following December, being the third day of that month. It was served on November 19. On November 30, counsel for defendant entered an appearance of record. The plaintiffs filed a statement on December 1, two days before the return day of the writ. On December 19, sixteen days after the return day of the writ, judgment was entered in default of a plea on præcipe of plaintiffs' counsel, setting forth the nature of the default and the amount for which judgment was to be entered. The defendant company presented a petition on December 21, praying the court to set aside and strike off the judgment entered for want of a plea, whereupon a rule was granted upon the plaintiffs to show cause why the prayer of the petition should not be granted. On February 27, 1907, the court made absolute the rule and struck the judgment from the record. The plaintiffs have appealed.

It is well settled, and it needs no citation of authorities to sustain the proposition, that a judgment can be set aside or struck off only on the ground of irregularity or invalidity appearing on the face of the record. The court may for sufficient cause under its equitable powers open a judgment and let the defendant into a defense. But, as said by SHARSWOOD, J., in Breden v. Gilliland, 67 Pa. 34, " Opening a judgment and striking it off are two entirely different things. No court has power to strike off a judgment regular on its face.". No facts dehors the record will justify a court in setting aside or striking off a judgment. The action of the court below, therefore, must have been based on some irregularity or invalidity which the learned judge thought appeared on the face of the record.

No opinion was filed by the court in making absolute the rule to strike off the judgment. The principal reason assigned by the defendant company in its petition for the rule, and the one it relies upon here to sustain the action of the court, is that the rule of court under which the judgment was taken is in conflict with the procedure Act of May 25, 1887, P. L. 271, 2 Purd. (12th ed.) 1728. We may say in passing that the other reasons assigned in the petition for striking off the judgment are without merit. The only question, therefore, before us is whether the rule of court under which the judgment by default was entered against the defendant is in conflict with the act of 1887.

By the Act of April 22, 1889, P. L. 412, Purd. (12th ed.) 1730, it was enacted : " The courts of this commonwealth may, by rule or standing order, authorize the prothonotary to enter judgment upon præcipe for want of an appearance, for want of a declaration or plea, or for want of an affidavit of defense, and to enter judgment thereon with the same effect as if moved for in open court." By virtue of this authority, the court of common pleas of Fayette county in 1894, adopted rule 24, sections 3, 4 and 10 of which are as follows :

" Sec. 3. In actions, personal and real, except ejectments, if the plaintiff has filed a declaration before the return day he may have judgment against the defendant, in default of appearance, at any time after the return day and ten days service of the writ.

" Sec. 4. When defendant has appeared, and a declaration

has been filed before the return day, the defendant must without rule plead within fifteen days, else the plaintiff may have judgment at any time after the expiration of the fifteen days, for want of a plea: Provided, that the court, if in session, or a law judge in vacation, may, upon sufficient reasons shown, extend the time.

" Sec. 10. Judgments by default shall be entered by the prothonotary on præcipe of the party or his attorney setting forth the nature of the default and the amount for which judgment is to be entered, which præcipe shall be filed."

Recurring to the facts of this case, it will be seen that the judgment for want of a plea was entered against the defendant company strictly in accordance with the rule of court adopted by the common pleas in pursuance of the authority conferred by the act of 1889. The writ was issued twenty days and served fourteen days, before the return day, an appearance was entered of record by counsel for the defendant before the return day, and a statement of the plaintiffs' cause of action was filed before the return day. The judgment for want of a plea was entered sixteen days after the return day. Under these facts, disclosed by the record, the judgment taken for want of a plea was clearly regular upon its face. It is, therefore, manifest that the learned court was in error in striking the judgment from the record unless, as claimed by the defendant company, the rule of court contravened the act of 1887.

It is apparent that the learned counsel for the defendant have confused the functions of a plea and those of an affidavit of defense. This has led them into error in this case. The functions of an affidavit of defense and of a plea are wholly different. It will be sufficient to quote what has been recently said on the subject by the present Chief Justice in Muir v. Preferred Accident Ins. Co., 203 Pa. 338. " An affidavit of defense in Pennsylvania practice," says the Chief Justice, " is no part of the pleadings, and has an entirely different function. It is a mere step or incident of the proceedings required in order to prevent a summary judgment by default. When it has served that purpose its function is ended, unless further enlarged by express rule of court. . . . Its sole use is to prevent a summary judgment by default under the statute, and its function in this respect is precisely analogous to that

of an appearance required to be entered after service of a writ in order to avoid a judgment by default for want of it.    The wholly different function of a plea is to raise and make certain the issue on which the controversy between the parties is to be fought out.    With this the affidavit of defense has nothing to do, and it may be entirely disregarded and the case put at issue on other grounds."

The procedure act of 1887 provides a system of practice regulating the filing of affidavits of defense and the entry of judgment against the defendant in default of his filing an affidavit. But in the case at bar we have no concern whatever with the procedure act so far as it provides for filing an affidavit of defense or for entering judgment for want of one.    We have only to do with the act so far as its provisions affect the pleadings in the case.    It abolishes special pleading, but directs what pleas shall be entered in actions of assumpsit and trespass.    It provides that the defendant shall plead in fifteen days after the return day.    Except in so far as the act has thus regulated the pleadings in assumpsit and trespass, they remain as they were at the time of the enactment of the statute.    The well-established practice in the state at the time of the passage of the act authorized the plaintiff to enter judgment for want of an appearance or plea, provided the writ had been duly issued and served and the declaration had been filed.    The act of 1887 did not change the practice as it then existed, except in the manner pointed out above.    It in no way or manner withdrew from the courts the power to enter judgment in default of an appearance or of a plea.    It fixed fifteen days after the return day as the time in which the plea should be filed, and of course, no default could be entered before the expiration of that time.    But the act does not prevent the plaintiff from entering judgment for want of an appearance under the Act of June 13, 1836, P. L. 568, nor deprive the plaintiff of his right to judgment for want of a plea in accordance with the established practice of the courts at the date of the passage of the act.

The learned counsel for the defendant are in error in their contention that the defendant has no right to file a plea until the plaintiff has had an opportunity to signify his election as to the affidavit of defense, and that until that time the plain-

tiff has no right to take judgment in default of a plea.  As pointed out above, this contention fails to recognize the distinction between the practice as to affidavits of defense and as to pleading.  The parties must comply with the rules governing the practice both as to the affidavit and as to the plea, and if they fail, judgment may be entered for the default.  The affidavit is no part of the pleadings, while a plea is a part of the pleadings, and is the only way to raise an issue between the parties which is to be submitted to and decided by a court and jury.  The defendant is required to file an affidavit of defense in an action of assumpsit and judgment may be entered against him if he fail to do so, but the plaintiff may disregard the affidavit of defense and await a trial by jury after the case has been put at issue by a proper plea.  He may prefer to submit the case to a jury, and the act of 1887 does not prevent him from doing so.  It is wholly discretionary with him whether he will take a summary judgment in default of an affidavit of defense, or whether he, after a plea has been entered, will go to trial before a jury.

There can be no doubt about the authority of the common pleas to make the rule under which this judgment was entered. It is expressly conferred by the act of 1889, and the rule is strictly in accordance with the act.

For the reasons stated, the order of the court below of February 27, 1907, making absolute the rule to show cause why the judgment entered for want of a plea should not be set aside and stricken from the record, is reversed at the costs of the defendant company, and the judgment in favor of the plaintiffs and against the defendant for want of a plea is reinstated.