# Manupelli, Appellant, *v.* Geib.

*Practice, C. P.—Rules of court—Judgment for want of a plea—Rule to plead.*

Where a rule of court enacted under the Act of April 22, 1889, P. L. 41, provides that the plaintiff after defendant's appearance, may rule the latter to plead, and upon default enter judgment, the prothonotary has no authority to enter judgment for want of a plea, if no rule to plead has been previously entered.

Argued May 5, 1914. Appeal, No. 117, April T., 1914, by plaintiff, from order of C. P. Indiana Co., Dec. T., 1912, No. 242, striking off judgment in case of James A. Manupelli v. Jacob G. Geib. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Motion to strike off judgment.

From the record it appeared that the judgment in

question had been entered for want of a plea without any previous rule to plead having been filed.

The court made an order striking off the judgment.

*Error assigned* was the order of the court.

*E. Walker Smith,* for appellant.—No court has power to strike off a judgment regular on its face; and no facts dehors the record will justify a court in setting aside, or striking off a judgment: Johnson v. Royal Ins. Co., 218 Pa. 423.

The act of 1887 does not prevent the plaintiff from entering judgment for want of an appearance under the Act of June 13, 1836, P. L. 568, nor deprive the plaintiff of his right to judgment for want of a plea in accordance with the established practice of the courts at the date of the passage of the act: Johnson v. Royal Ins. Co., 218 Pa. 423.

*Chas. H. Moore,* with him *Cunningham & Fisher,* for appellee.

OPINION BY HENDERSON, J., July 15, 1914:

Judgment was entered against the defendant for want of a plea, by the prothonotary on a præcipe filed by the plaintiff's attorney to that effect. No rule to plead was entered and served on the defendant nor was a motion made to the court for judgment. The application to strike off the judgment was based on the irregularity in the manner of entering it. The authority of a prothonotary to enter a judgment must be found in the statutes or an order of the court or the practice established by the court. The Act of April 22, 1889, P. L. 41, provides that: "The courts of this commonwealth may, by rule or standing order, authorize the prothonotary to enter judgment upon præcipe for want of an appearance, for want of a declaration or plea, or for want of an affidavit of defense, and to enter judgment

thereon with the same effect as if moved for in open court." Pursuant to this authority the court of common pleas of Indiana county adopted rules regulating the practice in that court. Rule number 135 contains the following provision: "In every case where the defendant's appearance is recorded rules to declare and plead on a day certain and for other pleadings may be entered of course with the prothonotary at any time after the return day of the process and upon failure to comply with the rule after ten days' notice thereof judgment by default or non-pros may be entered by the prothonotary subject however to any order of court for opening, setting aside or taking off the same." The only authority of the prothonotary to enter judgment by default for want of a plea was under this standing order of the court according to which a rule to plead and failure to comply with the rule after ten days' notice thereof to the defendant or his attorney of record was a condition precedent to a judgment by default. The Procedure Act of 1887 does not provide for judgment by default for want of a plea. It directs that the defendant shall plead in fifteen days after the return day and in default thereof the court may on motion direct the prothonotary to enter the plea of the general issue at any time. The appropriate proceeding for judgment on failure of the defendant to plead is left to the established practice of the courts: Johnson v. Royal Ins. Co., 218 Pa. 423. This practice in Indiana county is regulated by the rule above quoted and as the plaintiff neither served nor entered a rule to plead the judgment was irregular and unauthorized by statute or practice. The case of Johnson v. Royal Ins. Co., supra, cited by the appellant, turned on the practice established by the rules of the court of common pleas of Fayette county. Judgment taken in that case was in strict conformity to the practice in that court. It does not support the position taken by the appellant.

The order is affirmed at the cost of the appellant.