461 A.2d 1301

**Walter M. OSTTOWSKI, Jr.**

**v.**

**Joseph A. SMITH and Blue Comet Express, Inc., Appellants.**

Superior Court of Pennsylvania.

Argued Jan. 19, 1983.

Filed June 17, 1983.

---

322

Charles W. Craven, Philadelphia, for appellants.

George F. Schoener, Jr., Philadelphia, for appellee.

Before CAVANAUGH, ROWLEY and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellants contend that the lower court erred in striking the judgment of non pros entered against appellee for failure to answer interrogatories. We agree and, accordingly, reverse the order of the lower court and reinstate the judgment.

In July, 1976, twenty-three months after a motor vehicle accident, appellee filed an action in trespass against appellants. Appellants' counsel sent copies of interrogatories to appellee's counsel in November, 1976 but received no response. In late December, appellants' counsel again requested answers, to no avail, and notified appellee's counsel on January 21, 1977, that if answers were not forthcoming, action would be taken to file a praecipe and interlocutory order for sanctions pursuant to Philadelphia Civil Rule 4005*(d).[1] On March 18, 1977, the prothonotary entered an interlocutory order directing appellee to answer appellants' interrogatories within thirty days. When appellee did not comply, appellants' newly retained counsel filed a Supplemental Praecipe for Final Judgment of Non Pros and a Notice of Judgment and the prothonotary entered judgment on June 20, 1977. In May, 1979, appellee retained new counsel and brought a legal malpractice action against his original attorney; that case is still pending. In July, 1981, the lower court granted appellee's petition to strike the judgment of June 20, 1977, prompting this appeal.

■■■ A motion to strike a judgment will be granted only if a defect exists on the face of the record. *Samango v. Hobbs,* 167 Pa.Superior Ct. 399, 401, 75 A.2d 17, 19 (1950), quoting *Johnson v. Royal Insurance Co. of Liverpool,* 218 Pa. 423, 67 A. 749 (1907). The judgment here is defective because Rule 4005*(d), empowering the prothonotary to enter judgment was held to conflict with Pa.R.Civ.P. 4019, vesting discretion in the courts to determine appropriate sanctions for failure to respond to interrogatories. *Gonzales v. Procaccio Bros.,* 268 Pa.Superior Ct. 245, 407 A.2d 1338 (1979). In invalidating the local rule, the *Gonzales* Court held that the need to fit the punishment to the crime dictated the exercise of judicial discretion. *Id.,* 268 Pa.Superior at 252, 407 A.2d at 1341–42.

■■ In *Tice v. Nationwide Life Insurance Co.,* 284 Pa. Superior Ct. 220, 425 A.2d 782 (1981) *(Tice II)* we concluded

1. Philadelphia Civil Rule 4005*(d) was retitled Philadelphia Civil Rule 145.

that a judgment of non pros, entered under the invalid rule, "must be stricken, if as here, an appeal was pending when *Gonzales* was handed down." *Id.*, 268 Pa.Superior at 227, 425 A.2d at 786. We are now faced with the question of whether to strike the judgment as void where the motion was not filed until after the *Gonzales* decision.[2] We find that a rule declaring all such judgments void would be inappropriate, causing parties in whose favor the judgment was entered to be forever potentially subject to motions to strike. *See Samango v. Hobbs, supra* (void judgments are always subject to motions to strike and laches does not run against them). We hold these particular judgments more closely akin to defective, voidable judgments, and thus subject to motions to strike dependent upon considerations inherent in each situation. *See Washington v. Liberi*, 273 Pa.Superior Ct. 48, 49–51, 416 A.2d 1082, 1083 (1979) (*Gonzales* not applied retroactively) (footnote omitted).

■ Voidable judgments, occuring where there is an irregularity or defect on the face of the record, must be challenged by a motion to strike within a reasonable time. *Triangle Building Supply & Lumber Co. v. Zerman*, 242 Pa.Superior Ct. 315, 363 A.2d 1287 (1976) (seven year delay unreasonable both for a motion to strike and a petition to open judgment); *Eastman Kodak Co. v. Osenider*, 127 Pa.Superior Ct. 332, 193 A. 284 (1937) (nine year delay unreasonable for motion to strike a judgment). *Justice v. Meeker*, 30 Pa.Superior Ct. 207, 210 (1906) ("where defects complained of are irregularities only, not jurisdictional in nature, although they may have been sufficient to cause the judgment to be set aside, if proper diligence had been used the defendant, having permitted a judgment to stand un-

2. Other decisions of our Court, following *Gonzales,* have not presented the issue directly before us. *Pavone v. Anthony,* 273 Pa.Superior Ct. 376, 417 A.2d 697 (1980), holding that *Gonzales* dictated the judgment entered pursuant to 4005*(d) be struck, was pending on appeal when *Gonzales* was decided. *Graham v. Kutler,* 275 Pa.Superior Ct. 188, 418 A.2d 676 (1980) struck a judgment entered pursuant to the invalid rule because appellants had not been served with the proper interlocutory order required in *Strickler v. United Elevator Co.,* 248 Pa.Superior Ct. 258, 375 A.2d 86 (1977).

questioned for many (10) years, msut be held to have waived the irregularities."). "[A]lthough a motion to strike lacks the equitable characteristics of a petition to open, it is nonetheless subject to a defense akin to laches...." *Triangle Building Supply & Lumber Co. v. Zerman, supra* 242 Pa.Superior Ct. at 321, 363 A.2d at 1290. *See also* Restatement (Second) of Judgments, Ch. 2 at 19 (subjecting invalid judgments to avoidance but hinging that determination "on the nature of the defect concerning the particular requirement, the opportunity that the complaining party had to challenge the defect, and whether there has been reliance on the judgment since its rendition."); *contra* Restatement of Judgments (invalid judgment a legal nullity for all purposes).

■ Applying these considerations to the instant case, we must conclude that the lower court erred in striking the judgment. Judgment was entered in June, 1977. In July, 1979, *Gonzales* was decided, alerting the bar to the invalidity of Rule 4005*(d). Despite this, appellee did not file his motion to strike until July, 1981, two years after *Gonzales*,[3] and more than four years after the entry of judgment. In addition, appellants have relied on this judgment which was entered only after repeated unsuccessful attempts at discovery. *See Harper v. Biles*, 115 Pa. 594, 8 A. 446 (1887) (irregular judgment entered one day early not challenged for six years despite notice of date of judgment twice within three weeks, not stricken because of unreasonably long delay). It would be exceedingly unfair to compel appellants to defend against the underlying personal injury action so long after final judgment was entered.[4] Because we find

**3.** We note that appellee's motion to strike was filed a mere five months after the *Tice II* decision, leading us to believe that appellee sat on his right until the probability of success appeared ripe. This is no excuse, however, for the unreasonable delay in failing to bring the motion to strike the judgment until four years after its entry.

**4.** The considerations dictating this result are analogous to the policies embodied in the two-year personal injury statute of limitations: (1) that rights should be enforced and wrongs redressed without unreasonable delay; (2) that defendants should be spared the prejudice and

the judgment voidable and hence subject to a motion to strike for only a reasonable period of time, we hold that appellee has waited too long to challenge its entry.

■ Appellee claims also that the judgment should be stricken because he did not receive an executed copy of the Prothonotary's interlocutory order.[5] The record belies this contention. The official docket sheet notes the certification of service of the interlocutory order on March 18, 1977 at 1:22 E.S.T. We are satisfied by this notation that appellee was indeed furnished with a copy of the interlocutory order.

We find that the lower court incorrectly struck the judgment of non pros and, accordingly, order its reinstatement.

Reversed.

CAVANAUGH, J., files a concurring opinion.

CAVANAUGH, Judge, concurring:

I agree that the order striking the judgment of non pros entered against appellee should be reversed and the judgment reinstated. Unlike the majority, however, I would not base the decision on a determination of whether the judgment was "void" or "voidable." Instead, I would adopt the view of the Restatement (Second) of Judgments, as advocated by Judge Spaeth in his Concurring Opinion in *Tice v. Nationwide Life Insurance Co.*, 284 Pa.Super. 220, 425 A.2d 782 (1982) (*Tice II* ).[1]

inconvenience resulting from defense of a stale claim; and (3) that judicial resources are wasted if used to decide stale claims on stale evidence. *Anthony v. Koppers Co.*, 284 Pa.Superior Ct. 81, 105–107, 425 A.2d 428, 441 (1980), rev'd for incorrect application of statute of limitations, 496 Pa. 119, 436 A.2d 181 (1981).

5. The lower court failed to address this issue, striking the judgment on the basis of the *Tice II* decision.

1. *Tice II* was heard by a seven member court en banc. The lead opinion had three votes, as did Judge Spaeth's concurring opinion. The present writer dissented on a different ground and did not reach the issue herein. However, I later cited the Spaeth analysis with approval in *Bethlehem Steel Corporation v. Tri-State Industries*, 290 Pa.Super. 461, 434 A.2d 1236 (1981).

Under the Restatement (Second), an invalid judgment, such as the one in the instant case, would be avoided not as an automatic consequence, but depending on the nature of the defect, the opportunity of the complaining party to challenge the defect, and on whether there has been reliance on the judgment. Restatement (Second) of Judgments, Ch. 2 at 19. Applying the Spaeth analysis to the present case where the motion to strike was not filed before the *Gonzales* opinion was filed and the judgment remains unsatisfied, the approach of the Restatement (Second) should be used "to determine whether it would be in the interests of justice to grant a motion to strike on the basis of *Gonzales*." 284 Pa.Super. at 238, 425 A.2d at 792.

Under the present circumstances, I would conclude, as does the majority, that the judgment of non pros should not be stricken since appellee did not file his motion to strike until two years after *Gonzales* was filed and more than four years after entry of the judgment, and the appellants "have relied on this judgment which was entered only after repeated unsuccessful attempts at discovery." (Majority opinion at 5). I would hold, therefore, that even though the judgment entered in this case is "invalid," appellee should not be permitted to have it stricken at this late date.