In re CONDEMNATION OF REAL ESTATE BY the BOROUGH OF ASHLAND, Schuylkill County, Pennsylvania

Appeal of Joseph J. Kenenitz and Michelle L. Kenenitz, his wife.

Commonwealth Court of Pennsylvania.

Argued March 29, 2004.

Decided May 14, 2004.

Reconsideration Denied July 9, 2004.

Anthony J. Urban, Pottsville, for appellants.

Chester C. Corse, Jr., Pottsville, for appellee.

BEFORE: COLINS, President Judge, and LEADBETTER, Judge, and KELLEY, Senior Judge.

OPINION BY President Judge COLINS.

Joseph and Michelle Kenenitz (Kenenitzes) appeal from an order of the Court of

Common Pleas of Schuylkill County that denied their preliminary objections to a Declaration of Taking filed by the Borough of Ashland (Ashland) and which further ordered the parties to proceed pursuant to the Eminent Domain Code [1] upon a finding that there had been no abuse of discretion in the proceeding on the part of the officials of Ashland. We affirm the trial court. Ashland claims that the appeal is untimely and has filed a motion to quash. We deny the motion.

On August 29, 2002, Ashland filed a declaration of taking of the Kenenitzes property after Ashland's council unanimously passed an ordinance condemning the property. On September 30, 2002, the Kenenitzes filed preliminary objections to which Ashland filed a timely answer. Along with its answer Ashland filed an amended declaration of taking at the same term and number after again unanimously passing a new ordinance authorizing the condemnation. The Kenenitzes then filed preliminary objections to the Amended Declaration that were identical to those filed to the original Declaration. At a conference with the trial judge the parties narrowed the preliminary objections to the following questions: 1) whether there was a need for condemnation in the first place; 2) whether less restrictive alternatives had been properly considered; 3) whether members of the borough council had acted in bad faith and for improper purposes in the proceeding; 4) whether the Eminent Domain Code permitted the filing of preliminary objections based on violations of the laws commonly known as the Right to Know Act [2] and the Sunshine Act; [3] and 5) whether the filing of the amended declaration was a revocation of the original declaration. Issues one, two, and three were to be determined by the trial court after the submission of deposition testimony and the briefs of the parties. Issues four and five were to be decided upon the submission of briefs.

On February 6, 2002 the trial court dismissed the objections to issues four and five. The Kenenitzes filed a motion for reconsideration of that order and, alternatively, a request to certify the February 6 order as appealable. On April 1, 2003 the trial court entered an order dismissing the motion for reconsideration and declining to certify the February 6 order as appealable.

Counsel for the Kenenitzes deposed all the members of council, the mayor, the borough manager and Joseph Kenenitz on March 26, 2003. On May 21, 2003 the trial court directed the parties to file briefs by June 13, 2003 on the remaining objections. Ashland filed a timely brief; the Kenenitzes did not file a brief.

The trial court dismissed the remaining objections in an order dated July 7, 2003. The Kenenitzes filed a notice of appeal on July 31, 2003. Ashland filed a motion to quash on the grounds that the Kenenitzes had not filed timely appeals of the orders of February 6, 2003, and April 1, 2003.

■ The questions we are asked to determine are 1) whether the appeal was timely filed; 2) whether preliminary objections based on violations of the Sunshine Act and the Right to Know Act may be filed to a declaration of taking; and 3) whether the trial court erred in determining that there was no abuse of discretion by officials of the Borough of Ashland and that their condemnation of the Kenenitzes'

---

1. Act of June 22, 1964, Sp. Sess., P.L. 84, *as amended*, 26 P.S. §§ 1–101—1–903.

2. Act of June 21, 1957, P.L. 390, *as amended* 65 P.S. 66.1—66.9.

3. 65 Pa.C.S. §§ 701—716.

property was not motivated by fraud, collusion, arbitrariness, or bad faith.[4]

■ Ashland maintains that Pa. R.A.P. 311(e), which states that an appeal may be taken as of right from an order overruling preliminary objections to a declaration of taking, mandated an immediate appeal of the February 6, 2003 order disposing of part of the preliminary objections. Ashland reasons that an immediate appeal is mandated because Pa. R.A.P. 311(e) creates an exception to the general rule of Pa. R.A.P. 341 which permits appeals only of final orders, and that Rule 311(e) should therefore control. The Kenenitzes counter that they were not required to appeal the February 6, 2003 order because it was not a final order for the purpose of addressing the preliminary objections in this case in that it did not dispose of *all* the preliminary objections pending before the trial court and that the filing of an appeal to the February 6, 2003 order would have resulted in multiple appeals because they would have had to file a separate appeal to the order of July 7, 2003 that dismissed the remaining objections. The very wording of Rule 311(e) belies Ashland's argument.

■ Rule 311(e) provides, in pertinent part, "An appeal *may* be taken as of right from an order overruling Preliminary Objections to a Declaration of Taking ..." The rule is permissive, not instructional; it makes clear that that a party in an eminent domain case need not wait until the court disposes of all the claims and the parties as required by Rule 341. Common sense and judicial economy dictate that an appeal should not be filed to the dismissal of preliminary objections in an eminent domain case until the trial court has entered orders disposing of *all* preliminary

objections that have been filed in that case. We reach this conclusion notwithstanding the provisions of Pa. R.A.P. 311(g) that provides that the failure to immediately appeal the dismissal of preliminary objections in an eminent domain case shall constitute a waiver of the right to appeal. No such waiver shall occur until after all preliminary objections have been disposed of by the trial court. To do otherwise would mandate redundant, piecemeal appeals and would be contrary to the interests of judicial economy. *See, e.g., Smith v. City of Philadelphia,* 512 Pa. 129, 516 A.2d 306 (1986); *Clark v. Troutman,* 509 Pa. 336, 502 A.2d 137 (1985); *Commonwealth v. Allen* 506 Pa. 500, 486 A.2d 363 (1984). All preliminary objections were not disposed of in this case until the trial court entered its order dismissing the final preliminary objections on July 7, 2003. The Kenenitzes' appeal filed on July 31, 2003 was timely filed as to all the orders of the trial court. Accordingly, Ashland's motion to quash is denied.

■ The Kenenitzes next complain that the trial court improperly dismissed their preliminary objections based on violations of the Right to Know Act and the Sunshine Law. Ashland asserts that the Eminent Domain Code limits the scope of preliminary objections to those enumerated in Section 406 and that neither Act is mentioned there as a basis for preliminary objections.

Section 406(a), 26 P.A. § 1–406(a), provides, in pertinent part,

Preliminary objections shall be limited to and shall be the exclusive method of challenging (1) the power and right of the condemnor to appropriate the condemned property unless the same has been previously adjudicated; (2) the suf-

---

4. Our standard of review is limited to determining whether the trial court abused its discretion or committed an error of law. *In Re*

*Condemnation by Penn Township,* 702 A.2d 614 (Pa.Cmwlth.1997).

ficiency of the security; (3) any other procedure followed by the condemnor; or (4) the declaration of taking. Failure to raise these matters by preliminary objection shall constitute a waiver thereof.

In their preliminary objections the Kenenitzes alleged that,

32. The Borough of Ashland lacks the *power and right* to appropriate the property it seeks to condemn because the actions and Ordinance 564 were, on information and belief, based upon improper and illegal violations of the Open Meeting or Sunshine Act, 65 Pa.C.S.A. § 701, *et seq.,* and the Right to Know Act, 65 Pa.C.S.A. § 66.1 *et seq.* (emphasis added).

The Kenenitzes' challenge to Ashland's "power and right" to condemn their property based on violations of the Right to Know Act or the Sunshine Act is without foundation. We have consistently held that objections to a condemnor's "power and right" are limited to challenging the condemning authority's grant of power from the legislature through appropriate enabling statutes. *Appeal of Gaster,* 314, 556 A.2d 473 (Pa.Cmwlth.1989), *petition for allowance of appeal denied* 524 Pa. 632, 574 A.2d 72 (1989); *Appeal of Jordan,* 73 Pa.Cmwlth. 572, 459 A.2d 435 (1983). The Kenenitzes, however, here challenge the "power and right" of Ashland to condemn their property on the basis of violations of the Right to Know Act or the Sunshine Act. Neither Act is mentioned in Section 406, but the Kenenitzes assert that they may bring a challenge on those grounds pursuant to Section 406(a)(3) which allows a challenge to "any other procedure used by the condemnor[.]" The Kenenitzes, however, do not tell us what procedure or procedures they object to. In their preliminary objections they allege that Ashland committed certain improprieties in advertising a meeting of Ashland's borough council and they allege that members of the public were deprived of an opportunity to speak on the issue of the condemnation of their property. We note however that, in response to the Kenenitzes' first set of preliminary objections, Ashland voted on a second declaration of taking and scheduled and held a second public meeting on the condemnation of the property. Our examination of the record reveals that Ashland followed the procedure prescribed in the Eminent Domain Code and we find no evidence of the prejudice that the Kenenitzes allege that they or others suffered as a result of the way in which Ashland followed that procedure. The Kenenitzes' claim that Ashland violated provisions of the Sunshine Law or the Right to Know Act is without merit

■▬▬ Finally, the Kenenitzes allege that Ashland abused its discretion and that its actions were motivated by fraud, collusion, arbitrariness or bad faith. The burden of establishing fraud, collusion, arbitrariness, bad faith or an abuse of power or discretion rests with the condemnee. *In re School District of Pittsburgh,* 430 Pa. 566, 244 A.2d 42 (1968) A condemnee alleging fraud, collusion, bad faith or an abuse of power or discretion has a 'heavy' burden and must overcome the presumption that the condemnor has acted properly. *Appeal of Waite,* 163 Pa.Cmwlth. 283, 641 A.2d 25 (1994), *petition for allowance of appeal denied,* 539 Pa. 657, 651 A.2d 543 (1994). Our authority to review the exercise of the power of eminent domain is limited and is governed by judicial respect for the doctrine of the separation of powers of government. Our Supreme Court enunciated this principle in *Weber v. Philadelphia,* 437 Pa. 179, 183, 262 A.2d 297, 299 (1970) (citations omitted).

First, it is to be presumed that municipal officers properly act for the public

good. Second, courts will not sit in review of municipal actions involving discretion, in the absence of proof of fraud, collusion, bad faith or arbitrary action equating an abuse of discretion. Third, on judicial review, courts, absent proof of fraud, collusion, bad faith or abuse of power, do not inquire into the Wisdom [sic] of municipal actions and Judicial discretion should not be substituted for Administrative discretion.

■ Our law is replete with this sort of admonition. We are to give deference to the judgment of municipal officials in the exercise of their discretion in eminent domain matters and will disturb their decisions only where the condemnee can offer proof of fraud, collusion, bad faith, or an abuse of power or discretion. A review of the record, including the depositions of the parties including Joseph Kenenitz, demonstrates that the Kenenitzes do not offer anything amounting to such proof. They allege that Ashland knew that they planned to build on the property because they had a permit to build, that there were other options for Ashland to the taking of their property, that Ashland's attitude toward them "soured" prior to the condemnation, and that they were unable to open lines of communication with Ashland. Nothing that they allege rises to the level of proof of fraud, collusion, bad faith, or an abuse of power or discretion necessary to carry the heavy burden imposed on the Kenenitzes and we find that their allegations are without merit.

Accordingly, the motion to quash filed by Ashland is denied, and the Order of the Court of Common Pleas of Schuylkill County in this matter is affirmed.

### ORDER

AND NOW, this 14th day of May 2004, the Motion to Quash filed by the Borough of Ashland is DENIED, and the Order

Court of Common Pleas of Schuylkill County in this matter is AFFIRMED.