J-A17029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DELAWARE VALLEY LANDSCAPE STONE, INC., ITS ASSIGNEES AND NOMINEES | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| RRQ, LLC, ALLAN J. NOWICKI AND THE ALLAN J. NOWICKI AND DIANNE M. NOWICKI FAMILY TRUST | : | No. 2103 EDA 2021 |
| | : | |
| | : | |
| APPEAL OF: THE ALLAN J. NOWICKI AND DIANNE M. NOWICKI FAMILY TRUST | : | |

Appeal from the Judgment Entered October 8, 2021
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2020-04002

BEFORE:   PANELLA, P.J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:                          **FILED MARCH 30, 2023**

Appellant, the Allan J. Nowicki and Dianne M. Nowicki Family Trust, appeals from the judgment entered in this quiet title action in favor of Appellee Delaware Valley Landscape Stone, Inc. which canceled a deed that Appellant had recorded.  We affirm.

The underlying facts of this case are well known to the parties.  **See** Trial Ct. Op, 12/9/21, at 1-5.  Briefly, on May 20, 2020, Appellant recorded a deed purporting to convey title to the subsurface rights in and under a parcel of real property (the Property) from co-defendant RRQ, LLC to Appellant.  On

_____

[*] Retired Senior Judge assigned to the Superior Court.

June 12, 2020, Appellee purchased the Property at a sheriff's sale. Subsequently on August 11, 2020, Appellee filed a quiet title action seeking, among other things, to cancel the May 20, 2020 deed. Appellee's complaint named Appellant, RRQ, LLC, and Allan J. Nowicki (collectively, Defendants) as defendants.[1]

Appellee obtained a default judgment against Defendants on February 11, 2021. On February 22, 2021, Allan Nowicki filed a *pro se* petition to strike/open the default judgment on behalf of all Defendants.[2] The trial court denied that petition on August 17, 2021.[3] Appellee then filed a motion for entry of final judgment. On October 8, 2021, the trial court entered final judgment in favor of Appellee and canceled the May 20, 2020 deed.

_____

[1] In addition to being sued in his personal capacity, co-defendant Allan Nowicki is also the sole member of RRQ, LLC and a co-trustee of Appellant. Appellant's other co-trustee, Dianne M. Nowicki, was not named personally as a defendant in this case.

[2] Specifically, Allan J. Nowicki began his petition to strike/open default judgments as follows: "and now, Allan J. Nowicki, sole-member of RRQ, LLC, co-trustee of the Allan J. Nowicki and Dianne M. Nowicki Family Trust[,] and Allan J. Nowicki personally files Defendants['] petition to strike/open default judgments entered against them on February 11, 2021 . . . ." Pet. to Strike/Open Default J., 2/22/21, at 1 (unpaginated) (formatting altered).

[3] The trial court's order is dated August 16, 2021, but was served on the parties on August 17, 2021. *See* Pa.R.A.P. 108(a)(1) (providing that the date of entry of an order is the day the clerk of court mails or delivers copies of the order to the parties); *see also* Pa.R.C.P. 236.

- 2 -

Allan Nowicki and Dianne Nowicki (collectively, Trustees) subsequently filed a timely *pro se* notice of appeal on behalf of Appellant in their capacity as Appellant's trustees. The Trustees also filed a *pro se* court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued an opinion addressing the Trustees' claims.

On appeal, we held that Trustees could not represent Appellant Trust *pro se,* struck the Trustees' brief filed on behalf of Appellant, and directed Appellant to retain counsel. *See Delaware Valley Landscape Stone v. RRQ, LLC*, 284 A.3d 459, 465 (Pa. Super. 2022). Counsel subsequently entered an appearance on behalf of Appellant and filed a new appellate brief. Therefore, this matter is now ripe for disposition.[4]

Appellant raises the following issues for our review, which we summarize as follows:

1. Is an appeal timely filed when it is filed within thirty (30) days of the entry of the final judgment, or does Pa.R.A.P. 311(a) require that it be filed within thirty (30) days of the lower court's refusal to strike/open a default judgment?

2. In a quiet title action, wherein a plaintiff seeks relief pursuant to Pa.R.C.P. 1061(b), is it permissible for a plaintiff to personally serve a defendant by a competent adult, or is a plaintiff required to serve a defendant via sheriff's service?

3. Does the lower court's failure to follow the requirements of Pa.R.C.P. 1066 in fashioning its final judgment render it a legal nullity?

---

[4] On February 22, 2023, Appellee filed letter indicating that it did not intend to file a new brief, and would instead rely on its previously filed brief.

Appellant's Brief at 3.

**Timeliness of the Appeal**

Appellant's first two issues pertain to the trial court's August 17, 2021 order. Before addressing the merits of Appellant's underlying claim, we must address whether the appeal is timely.

"It is well-established that timeliness is jurisdictional, as an untimely appeal divests this Court of jurisdiction to hear the merits of the case." *Affordable Outdoor, LLC v. Tri-Outdoor, Inc.*, 210 A.3d 270, 274 (Pa. Super. 2019) (citation and quotation marks omitted). "The timeliness of an appeal is a question of law. Accordingly, our scope of review is plenary and our standard of review is *de novo*." *Day v. Civil Serv. Comm'n of Borough of Carlisle*, 931 A.2d 646, 650 (Pa. 2007).

Appellant argues that this appeal is timely because it is an appeal from a final order pursuant to Pa.R.A.P. 341. Appellant's Brief at 7-12. Specifically, Appellant contends that although Pa.R.A.P. 311(a)(1) permits a litigant to take an interlocutory appeal from an order refusing to open or strike off a judgment, Rule 311 does not require litigants to file an interlocutory appeal. *Id.* at 8-10. Appellant claims that it may defer its challenge to the order denying its petition to strike/open the default judgment until the entry of a final judgment. *Id.* at 10-12 (citing Pa.R.A.P. 341). Additionally, Appellant argues that the failure to take an immediate appeal from an interlocutory order does not waive any objections to that order except as provided for in Pa.R.A.P. 311(g). *Id.* at 10. Lastly, Appellant notes that the Commonwealth

- 4 -

Court has held that an interlocutory appeal pursuant to Pa.R.A.P. 311(e) is permissive and not mandatory. *Id.* at 10-11 (citing *In re Condemnation of Real Estate by the Borough of Ashland*, 851 A.2d 992 (Pa. Cmwlth. 2004) (*Ashland*)).

Rule of Appellate Procedure 311 provides, in relevant part:

**(a) General Rule.**—An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from the following types of orders:

**(1) Affecting Judgments.**—An order refusing to open, vacate, or strike off a judgment. If orders opening, vacating, or striking off a judgment are sought in the alternative, no appeal may be filed until the court has disposed of each claim for relief.

\* \* \*

**(g) Waiver of Objections.**

(1) Except as provided in subdivision (g)(1), failure to file an appeal of an interlocutory order does not waive any objections to the interlocutory order:

(i) RESCINDED.

(ii) Failure to file an appeal from an interlocutory order under subdivision (b)(1) or subdivision (c) of this rule shall constitute a waiver of all objections to jurisdiction over the person or over the property involved or to venue, etc., and the question of jurisdiction or venue shall not be considered on any subsequent appeal.

(iii) Failure to file an appeal from an interlocutory order under subdivision (e) of this rule shall constitute a waiver of all objections to such an order.

(iv) Failure to file an appeal from an interlocutory order refusing to compel arbitration, appealable under 42 Pa.C.S. § 7320(a)(1) and subdivision (a)(8) of this rule, shall constitute a waiver of all objections to such an order.

Pa.R.A.P. 311(a)(1), (g)(1)(i)-(iv).

Rule of Appellate Procedure 341 provides, in relevant part, "an appeal may be taken as of right from any final order of a government unit or trial court." Pa.R.A.P. 341(a).

"Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). The thirty-day appeal period for an interlocutory order that is immediately appealable under Pa.R.A.P. 311(a) begins to run from the date of entry of that order, unless the trial court expressly and timely grants reconsideration of that order. **See Leonard v. Andersen Corp.**, 445 A.2d 1279, 1281 (Pa. Super. 1982).

In **Blackburn v. King Inv. Grp., LLC**, 162 A.3d 461 (Pa. Super. 2017), the appellant filed a notice of appeal sixty-four days after the trial court denied the appellant's petition to open and/or strike the confession of judgment. **Blackburn**, 162 A.3d at 462-63. On appeal, the **Blackburn** Court held:

> Under Pa.R.A.P. 311(a)(1), an appeal from an interlocutory order refusing to open, vacate or strike off a judgment is deemed final and subject to attack on appeal without reference to Pa.R.A.P. 341(c). **See** Pa.R.A.P. 311 Note ("If an order falls under Pa.R.A.P. 311, an immediate appeal may be taken as of right simply by filing a notice of appeal. The procedures set forth in Pa.R.A.P. 341(c) and 1311 do not apply to an appeal under Pa.R.A.P. 311."). The notice of appeal must "be filed within 30 days after the entry of the order from which the appeal is taken," Pa.R.A.P. 903, and this Court "may not enlarge the time for filing a notice of appeal," Pa.R.A.P. 105(b). [**Leonard**, 445 A.2d at 1280-81] (holding that the appeal period under Pa.R.A.P. 311 begins to run from the

entry of the interlocutory order appealable as of right). Failure to timely appeal from an order denying a petition to open, vacate, or strike off a judgment renders any attack of that order untimely and waived.

Here, the order denying [the a]ppellant's petition to open and/or strike was entered on February 24, 2016. The appeal period expired on March 25, 2016. However, [the a]ppellant did not file a notice of appeal from that order until some 64 days later on April 27, 2016. Thus, [the a]ppellant's appeal is not timely. **See Leonard**, 445 A.2d at 1281; Pa.R.A.P. 903.

**Id.** at 463-64 (footnote and some citations omitted, some formatting altered);

**see also Hammel v. Hammel**, 636 A.2d 214, 217 (Pa. Super. 1994) (concluding that the appeal taken from trial court's March 18, 1993 final order granting a motion for judgment on the pleadings was untimely with respect to the trial court's December 29, 1992 order denying the defendant's petition to open/strike judgment).

Here, the trial court explained:

Under Pennsylvania Rule of Appellate Procedure 311(a), "[a]n appeal may be taken as of right . . . from . . . [a]n order refusing to open . . . or strike off a judgment." **See** Pa.R.A.P. No. 311(a). Pennsylvania Rule of Appellate Procedure 903 requires that the appeal of an order must take place "within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. No. 903(a). In this case, the court entered an order denying [Appellant's] petition on August [17], 2021. Consequently, the 30-day appeal period began on August [17], 2021. [Appellant] failed to file a timely appeal regarding this court's decision, thereby waiving his right to appellate review of our denial of his petition to open/strike default judgment.

Trial Ct. Op. at 8 (footnote omitted and some formatting altered).

Based on our review of the record, we agree that Appellant's appeal from the August 17, 2021 order denying Appellant's petition to strike/open

the default judgment is untimely. *See Affordable Outdoor*, 210 A.3d at 274. The trial court denied Appellant's petition to strike/open the default judgment on August 17, 2021. Therefore, Appellant had until September 16, 2021, to take an interlocutory appeal from that order. *See* Pa.R.A.P. 903(a); *Leonard*, 445 A.2d at 1281. Appellant filed its notice of appeal on October 12, 2021, fifty-six days after the trial court entered the August 17, 2021 order. Appellant's reliance on Pa.R.A.P. 311(g) is unavailing in light of this Court's precedent,[5] which states that an appeal filed more than thirty days after the entry of an interlocutory order appealable as of right is untimely. *See Blackburn*, 162 A.3d at 463-64; *Hammel*, 636 A.2d at 217.

For these reasons, we conclude that Appellant's appeal with respect to the trial court's August 17, 2021 order are untimely, and we lack jurisdiction to consider them. *See Affordable Outdoor*, 210 A.3d at 274.

### Trial Court's Compliance with Pa.R.C.P. 1066

In his remaining claim, Appellant argues that the trial court's October 8, 2021 order entering judgment in favor of Appellees and cancelling Appellant's

---

[5] We also note that *Ashland* is not dispositive in this matter. First, although decisions by the Commonwealth Court may provide persuasive authority, they are not binding on this Court. *See Maryland Cas. Co. v. Odyssey*, 894 A.2d 750, 756 n.2 (Pa. Super. 2006). Second, the Commonwealth Court's decision in *Ashland* interpreted Pa.R.A.P. 311(e), which governs appeals from orders overruling preliminary objections in eminent domain matters. *See Ashland*, 851 A.2d at 995; Pa.R.A.P. 311(e). However, Rule 311(e) is not applicable to appeals from orders denying a petition to strike/open a default judgment or a judgment entered in a quiet title action. *Compare* Pa.R.A.P. 311(a)(1) *with* Pa.R.A.P. 311(e). Therefore, even if we were to treat *Ashland* as persuasive authority, it is distinguishable from the instant appeal.

deed is void *ab initio* because the trial court failed to comply with Pa.R.C.P. 1066.[6]  Appellant's Brief at 26-28.  Specifically, Appellant notes that Rule 1066 requires the court to "order that the defendant be forever barred from asserting any right, lien, title or interest in the land inconsistent with the interest or claim of the plaintiff set forth in the complaint, **unless the defendant takes such action as the order directs within thirty days thereafter**."  ***Id.*** at 26 (quoting Pa.R.C.P. 1066(b)(1), emphasis in original).  Appellant claims that because the October 8, 2021 order does not include this language, it is void.  ***Id.*** at 27-28.  Appellant acknowledges that it did not include this claim in its Rule 1925(b) statement, but argues that this claim is not waived because a void judgment may be attacked at any time.  ***Id.*** at 27.

"The interpretation and application of a Pennsylvania Rule of Civil Procedure presents a question of law.  Accordingly, our standard of review is *de novo*, and our scope of review is plenary."  ***Kelly Sys., Inc. v. Leonard S. Fiore, Inc.***, 198 A.3d 1087, 1091 (Pa. Super. 2018) (citation omitted and formatting altered).

"The object of all interpretation and construction of [the Rules of Civil Procedure] is to ascertain and effectuate the intention of the Supreme Court."  Pa.R.C.P. 127(a).  "Every rule shall be construed, if possible, to give effect to

---

[6] Because this issue relates to the trial court's October 8, 2021 order entering judgment in favor of Appellee, it is properly before this Court.  ***See, e.g.***, ***Hammel***, 636 A.2d at 217-19 (addressing the merits of claims related to the trial court's final, appealable order after concluding the appeal was untimely with respect to the prior order denying the defendant's petition to open/strike judgment).

all its provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Pa.R.C.P. 127(b). Also, we presume that our Supreme Court "does not intend a result that is absurd, impossible of execution or unreasonable[.]'" Pa.R.C.P. 128(a).

This Court has explained:

There is a clear distinction between judgments which are simply "voidable" based upon mere irregularities and those which are "void *ab initio*." The general rule is that if a judgment is sought to be stricken for an irregularity, **not jurisdictional in nature**, which merely renders the judgment voidable, the application to strike off must be made within a reasonable time. Conversely, judgments which are void *ab initio* are those which the prothonotary was without authority to enter in the first place. Such judgments are not voidable, but are legal nullities.

*Oswald v. WB Pub. Square Associates, LLC*, 80 A.3d 790, 797 (Pa. Super. 2013) (citations omitted, formatting altered, and emphasis in original). "A judgment is void on its face if one or more of three jurisdictional elements is found absent: jurisdiction of the parties; subject matter jurisdiction; or the power or authority to render the particular judgment." *Green Acres Rehab. and Nursing Ctr. v. Sullivan*, 113 A.3d 1261, 1268 (Pa. Super. 2015) (*Green Acres*) (citation omitted).

"Issues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); *see also* Pa.R.A.P. 1925(b)(4)(vii) (providing that issues not included in a Rule 1925(b) statement are waived). However, "a litigant may seek to strike a void

- 10 -

judgment at any time. This Court also permits litigants to attack allegedly void decrees for the first time on appeal." **Oswald**, 80 A.3d at 793 n.2 (citations omitted). Challenges to voidable judgments may be waived, most commonly because of the application of the doctrine of laches. **See generally id.** at 797 (stating that application to strike off a voidable judgment "must be made within a reasonable time"); **Osttowski v. Smith**, 461 A.2d 1301, 1303 (Pa. Super. 1983).

Rule of Civil Procedure 1066 states:

(a) The court shall grant appropriate relief upon affidavit that a complaint containing a notice to defend has been served and that the defendant has not filed an answer, or after a hearing or trial on the pleadings or merits.

(b) Upon granting relief to the plaintiff, the court

(1) shall order that the defendant be forever barred from asserting any right, lien, title or interest in the land inconsistent with the interest or claim of the plaintiff set forth in the complaint, unless the defendant takes such action as the order directs within thirty days thereafter. If such action is not taken within the thirty-day period, the prothonotary on *praecipe* of the plaintiff shall enter final judgment.

(2) shall enter a final judgment that a document, obligation or deed affecting a right, lien, title or interest in the land is cancelled or is valid, invalid or discharged or that a copy of a lost plan, document, obligation or deed is an authentic copy;

(3) shall enter a final judgment ordering the defendant, the prothonotary, or the recorder of deeds to file, record, cancel, surrender or satisfy of record, as the case may be, any plan, document, obligation or deed determined to be valid, invalid, satisfied or discharged, and to execute and deliver any document, obligation or deed necessary to make the order effective; or

(4) shall enter any other order necessary for the granting of proper relief.

Pa.R.C.P. 1066 (note omitted).

The trial court did not address whether Pa.R.C.P. 1066(b)(1) required the trial court to use language that Defendants (including Appellant) had to take action within thirty days or be barred from asserting any right, title, or interests in the Property in its Pa.R.A.P. 1925(a) opinion.[7]

Here, Appellant has not cited any authority, nor are we aware of any case law, which states that a judgment in a quiet title action is void when a trial court fails to include language from Pa.R.C.P. 1066(b)(1) in the order entering judgment. Generally, judgments are void when the trial court lacks subject matter jurisdiction over the matter or lacks authority to render the particular judgment. **See Green Acres**, 113 A.3d at 1268. Here, Appellant does not challenge the trial court's subject matter jurisdiction or claim that the court lacked authority to enter its October 8, 2021 order. Instead, Appellant argues that the trial court's order does not satisfy the requirements of Rule 1066(b)(1). Nothing in the text of Rule 1066 indicates that a failure to strictly comply with the Rule is a jurisdictional defect. **See** Pa.R.C.P. 1066(b). Therefore, we conclude that Appellant has raised a claim that the judgment here is **voidable** rather than void *ab initio*. **See Oswald**, 80 A.3d

---

[7] However, the trial court did explain that entry of judgment in favor of Appellee was proper because Appellant failed to answer the complaint. **See** Trial Ct. Op. at 14-15 (citing Pa.R.C.P. 1066(a), (b)(1), (b)(3), and (b)(4)).

- 12 -

at 797. Further, because Appellant did not preserve this claim by raising it before the trial court, it is waived. **See** Pa.R.A.P. 302(a), 1925(b)(4)(vii); **cf. Oswald**, 80 A.3d at 793 n.2 (explaining that "a litigant may seek to strike a **void** judgment at any time" (citation omitted and emphasis added)).

For these reasons, we affirm.

Judgment affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 3/30/2023*